THOMAS M. WATSON & another, trustees, *vs.* ALICE K. WATSON & others.

Suffolk.    January 18, 19, 1916. — March 9, 1916.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

*Trust.   Power.   Words,* "Either."

A settlor created by deed a trust for the maintenance and support of his wife and children.   He directed that, after his own death and that of his wife, the trustees upon each child arriving at the age of twenty-one years should convey and transfer to such child his or her share, and the trustees further were authorized to apply any part of the principal for the benefit of the children, when in their judgment it became necessary.   By the deed of trust the settlor was given power "in and by his last will and testament to debar and prohibit either of his said children from any share or part of said trust property, the income, profits and accumulations thereof anything herein to the contrary notwithstanding."   In his will, after reciting this power, the settlor provided as follows: "Now it is my will and I do debar and prohibit either of said children from receiving and I do debar and prohibit the trustees hereinafter named from paying over, conveying or transferring to either of my said children any part or share of the principal of said trust estate."   The will provided that the income from the trust fund should be used for the support of the testator's widow and children and the survivor of them as directed in the trust deed and further provided as follows: "but I authorize and direct my said trustees to pay over out of the said net income, rents and profits, the sum of five thousand dollars to each of my sons on his arriving at the age of thirty years."   At the death of the testator's widow there were five children living, all over twenty-one years of age, and two of them were sons, each of whom was over thirty years of age.   Upon a bill by the trustees for instructions, it was *held*, that the power of revocation was a valid one and was exercised properly by the settlor; and therefore that the trust could not be terminated

until the death of the last survivor of the settlor's children and that in the meantime no child could receive any part of the principal.

*Held, also,* that the word "either," as used in the phrase "either of his said children" in the deed of trust, and also as used by the settlor in his testamentary exercise of the power, was used in the sense of "any," and excluded all his children from the principal of the trust.

*Held, also,* that the settlor had the power, which he had exercised properly by his will, to direct that $5,000 should be paid from the income of the trust to each of his sons, and that the right of the other children to share in the income was postponed until the two payments of $5,000 each had been made from the net income accumulated for the purpose.

*Held, also,* that the discretionary power given by the deed of trust to the trustees, to apply any part of the principal for the benefit of the children when in their judgment it became necessary, was revoked.

CARROLL, J.  June 10, 1879, Laurence Leonard of Melrose conveyed real estate on Charter Street, Boston, to Luke Leonard who, at the same time, conveyed it to Laurence as trustee, the income therefrom to be applied to the maintenance and support of Laurence Leonard's wife and the education, maintenance and support of their children. After the death of Laurence, trustees were to succeed him and the trust was to continue until the death or remarriage of Mrs. Leonard. Upon her death or remarriage, the income was to be applied to the support, education and maintenance of the children and the "survivor and survivors of them wholly."

After the death of Laurence and the death or remarriage of Mrs. Leonard, upon each child arriving at the age of twenty-one years, the trustees were directed then to convey and transfer to such child his or her share, charging each with any advances so made from the capital to the child's benefit; and the trustees were further authorized to apply any part of the principal for the benefit of the children, when in their judgment it became necessary.

Laurence Leonard in the deed of trust was given the power to name his successors and "in and by his last will and testament to debar and prohibit either of his said children from any share or part of said trust property, the income, profits and accumulations thereof anything herein to the contrary notwithstanding."

On the same day Owen A. Galvin conveyed to said Laurence certain real estate in Melrose. The habendum clause was, "To have and to hold the granted premises with all the privileges and appurtenances . . . to the said Laurence Leonard . . . but in trust

nevertheless for the uses and purposes and with the rights, duties, powers and restrictions set forth in the deed from said Luke Leonard to Laurence Leonard dated June 10, 1879, and recorded with Suffolk Deeds."

Laurence Leonard died testate, September 20, 1888. Mrs. Leonard died intestate, November 21, 1912. At the death of Mrs. Leonard, the surviving children of Laurence Leonard were Alice K. Watson, Ellen L. Leonard, Lawrence G. Leonard, John Joseph Leonard and Mary Leonard. "There was also living Helen Watson, a minor daughter of said Alice K. Watson and the sole issue living of the children of said Laurence." On his death there was surviving one other child, Patrick F. Leonard, who died intestate February 25, 1895, unmarried, under thirty years of age, leaving no issue, no debts and his mother his sole heir at law. Mrs. Leonard never remarried. All the surviving children had arrived at the age of twenty-one when their mother died.

In addition to these trust properties, Laurence Leonard was the owner of additional property which passed by the residuary clause of his will. Mary Wren, mentioned in said clause, died previous to the death of Mrs. Leonard. The son Lawrence G. Leonard was thirty years of age January 12, 1903, John Joseph Leonard was thirty years of age March 30, 1909.

Laurence Leonard's will was dated February 21, 1888. In the fourth clause, after referring to the Charter Street and Melrose trust, it recites: "Inasmuch as it is provided in and by said deeds that I may by my last will and testament debar and prohibit either of my children living at my decease from any share or part of said trust estate, the income, profits, and accumulations thereof, anything in said trust deeds to the contrary notwithstanding. Now it is my will and I do debar and prohibit either of said children from receiving and I do debar and prohibit the Trustees hereinafter named from paying over, conveying or transferring to either of my said children any part or share of the principal of said trust estate." The will also provided that the income should be used for the support of the mother and children and the survivor of them, as mentioned in the trust deed; and further stipulated: "but I authorize and direct my said Trustees to pay over out of the said net income, rents and profits, the sum of Five thousand dollars to each of my sons on his arriving at the age of thirty years."

This is a bill for instructions.* The plaintiffs, as trustees under the Charter Street and Melrose indentures and the will of Laurence Leonard, ask:

1. Are the defendants Alice K. Watson, Ellen L. Leonard, Lawrence G. Leonard, John Joseph Leonard and Mary Leonard now entitled to have the trust terminated and the property divided among them?

2. If the answer to the preceding question is in the negative, is it the duty of the plaintiffs to withhold all the net income of the trust property until they shall have accumulated and paid therefrom $5,000 each to the defendants Lawrence G. Leonard and John Joseph Leonard?

3. Are the plaintiffs now entitled to apply a reasonable part of the principal of the trust property for the benefit of the five defendants above named?

1. The trust deed expressly gave to Laurence Leonard the power by his will to prevent either of his children from participating in any share or part of the trust property, its income, profits and accumulations. The deeds and the power therein given were specifically referred to in his will, and in the execution of the power he clearly stated, "I do debar and prohibit either of said children from receiving and I do debar and prohibit the Trustees hereinafter named from paying over, conveying or transferring to either of my said children any part or share of the principal of said trust estate."

It seems plain that Laurence Leonard was given full power and authority by the trust indentures to debar the distribution of the estate and the termination of the trust during the lifetime of the children, and it seems equally plain that in the will, he made a valid execution of this power and clearly manifested his intention to prevent the present distribution of the principal of the estate.

In the deed of trust to Laurence Leonard he was given authority by his will to exclude either of his children from the trust estate. It is contended by the surviving children that the word "either" limited this power, so that, acting under it, the testator could not debar or prohibit all of his children, but only some one of them, and the attempt therefore to debar all his children

---

* Reported by *Braley*, J., for determination by the full court.

was not a valid exercise of the power reserved. "Either" in its best and strictest usage means "one or the other of two," but there is authority for its use as "any." *Lafoy* v. *Campbell,* 15 Stew. 34. *Chidester* v. *Springfield & Illinois South Eastern Railway,* 59 Ill. 87. We think it clear, the word was used in the latter sense in the indenture of trust, and the power was therein given to the testator to exclude all of his children from the principal of the estate, which power was carried into effect by the fourth clause of his will. The same word "either" is used in both the will and the trust deed. We can see no valid reason why the right to debar should be limited to only one child. We think that in both instruments Laurence Leonard, who was in reality the settlor of the trust, uses the word "either" in the sense of "any" or "all."

Nor did the testator fail to execute the power, as argued by the children, when he prohibited the children from the principal of the estate, leaving to them the income. Having power over both, the execution was not invalid because he used it only to prevent them from participating in the principal.

It is also contended on behalf of the five children, that as the income belongs to them under the will of their father, and as they are his heirs, inheriting the remainder, and therefore the sole parties in interest, the income as well as the principal of the estate belonging to them, they are entitled to a present conveyance, and the trust under the deeds should be terminated by a decree of the court. It was the intention of the testator that his children should participate in the income. The *corpus* of the estate was not to be disturbed during their lifetime. In the absence of some rule of law or principle of public policy preventing, we must carry out his intention, and the defendants are not entitled to have the trust terminated and the property divided among them. *Claflin* v. *Claflin* 149 Mass. 19. *Shelton* v. *King,* 229 U. S. 90. There is nothing in the residuary clause of the will which conflicts with what is here stated. The answer to the first question is "No."

2. Lawrence G. and John Joseph Leonard are more than thirty years of age. The trustees were directed "to pay over out of the said net income, rents and profits, the sum of Five thousand dollars to each of my sons on his arriving at the age of thirty years." We are of opinion that the testator had the right, by his will, to direct that $5,000 be paid from the income to each of the

sons, on arriving at the age of thirty years. On the death of the mother, the income was to go to the children, and at this time both the sons were over thirty years of age. The father, having the right to prohibit and debar the children, also had the right to postpone their enjoyment of the income until there should be accumulated from the net income the sum of $5,000 for Lawrence G. and a like sum of $5,000 for John Joseph. We answer the second question in the affirmative.

3. In the deed the trustees are given the authority to apply any part of the principal for the benefit of the children, when in their judgment it becomes necessary or proper. They now say it has become necessary and proper. There is no such provision in the will of Laurence Leonard, and in his will, acting under the power given him, the testator expressly debarred any of his children from any share of the principal; and by this clause in the will the discretion given to the trustees in the deed was destroyed and taken away. Our answer, therefore, to the third question, is "No."

Decree to be entered in accordance with this opinion.

*So ordered.*

*N. N. Jones,* for Alice K. Watson and others.

*W. F. White,* (*F. W. Johnson* with him,) for Lawrence G. and John J. Leonard, stated the case.

*R. F. Sturgis,* guardian *ad litem, pro se.*