OLD COLONY TRUST COMPANY, trustee, *vs.* LYDIA SARGENT & others.

Suffolk.    January 16, 1920. — March 24, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy.    Power.*

A testator by his will and a codicil provided that the share of one of his sons in the residue of his estate should go to a trustee, the income thereof to be applied equally to the support of the son's wife and her children by him, and that in the event of the death of either the wife or a child, the income was to be divided equally among the survivors, and that, should a child of the son marry, he or she was to have "the right to dispose of his or her interest by will on his or her decease." At the death of the testator, the son's wife and two children, a grandson and a granddaughter of the testator, were living. The grandson married and died, leaving a will naming his wife executrix and devising and bequeathing to her all his property, including any over which he had the power of testamentary disposition. Upon a bill for instructions as to the proper disposition of such part of one third of the income from the trust fund which had accrued and had not been paid to the grandson at the date of his death, and of the income accruing thereafter, and also as to disposition of the principal, it was *held*, that

(1) The widow of the deceased grandson was entitled as executrix to receive one third part of the income which had accrued between the date of the last payment of income to her husband and his death;

(2) The widow was not entitled as executrix or otherwise to receive any part of the income from the trust fund accruing after her husband's death;

(3) The entire income accruing after the death of the grandson should be paid to his mother and his sister equally, and, upon the death of either of them, to the survivor of them wholly;

(4) The widow of the grandson was entitled to one half the principal of the trust fund upon the death of her husband's mother and sister.

The other residuary legatees under the will and codicil creating the trust were not entitled to receive any part of the principal of the fund.

In the suit above described, it was necessary, in order properly to determine the rights and interests of the life beneficiaries, to make some determination, before the termination of the life estates, of what disposition should be made of the fund upon that event; but it was *said* that this departure from the well settled rule that such determination before the event is premature should not be regarded as a precedent.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 27, 1919, by the trustee under the will of Joseph Sargent, late of Worcester, for instructions. The instructions requested, with material quotations from the will and codicil, appear in the opinion.

The suit came on to be heard before *Carroll*, J., and was reserved by him for determination by the full court upon the pleadings and an agreed statement of facts.

The case was submitted on briefs.

*T. H. Gage*, for the defendant Lydia Sargent.

*C. E. Allen*, for the defendant Mildred P. Sargent.

*E. Brown*, for the defendant Mary S. Brown.

PIERCE, J. Joseph Sargent of Worcester, Massachusetts, died on October 13, 1888, testate. His will, executed on July 16, 1879, and a codicil thereto, executed on March 28, 1887, were proved and allowed on November 8, 1888. By his will he gave to his son Henry $10,000, and to his wife, to his three other children, and to a grandchild pecuniary or specific legacies. He divided the rest and residue of his estate, however described, among his four children equally. He appointed his sons Joseph, Jr., and Henry executors without bonds, and suggested "that it would be wise to keep the productive real estate together, under said executors as trustees, dividing its income among my several heirs, so that each should get such portion as his or her interest would demand." By the codicil he directed that it should have the same force as the will under the direction of the same executors, whom he also constituted trustees, "so long as any portion of my estate may remain undivided, neither of them being required to furnish

any bonds, for the faithful execution of his Trust." He revoked the special bequest of $10,000 made to his son Henry Sargent, and directed his executors to pay over the $10,000 to Joseph Sargent, Jr., as trustee, for Lydia Sargent, wife of his son Henry Sargent, the trustee not to be required to furnish bonds. He directed the trustee, and his successor, if any, "to pay over the income of said Ten Thousand Dollars, or its representative, in the valuation of my estate, to the said Lydia Sargent, in semi-annual payments, and at her decease, to divide the said sum of Ten Thousand Dollars, or its representative, with any increment thereof, equally among the children of the said Lydia, by my son Henry. And if there are no such children, at her decease, this portion of my property, shall revert to my other children equally, or to their representatives." He stated that he used the word "increment" because the property was mostly real estate and might "ultimately, have a value much greater than its appraisal, soon after . . . [his death], might indicate." He also provided that the said annual payments to Lydia should continue in case of the death of his son Henry, her survivorship and subsequent marriage.

The codicil then continued as follows: "Further, I direct my said executors and trustees, to put aside one third of the one fourth remaining portion of my estate, which under my will of July 16th 1879, would become the property of my son, Henry Sargent, and to place it with my son, Joseph Sargent Jr. trustee as before, and without bonds, who shall apply its income, in semi-annual payments, equally to the support of Lydia Sargent, wife of my son Henry, and to her children by him, the income, in the case of the death of either mother or child, to be divided equally among the survivors. And in case of the marriage of any child of the said Henry and Lydia, the said child's portion of the said income shall be continued to the said child, without any hindrance from any person whatever, the child, however, to have the right to dispose of his or her interest by will on his or her decease."

The testator drew in his own handwriting the will and codicil.

At the dates of the execution of the will and codicil the testator was aware of an estrangement between his son Henry Sargent and the son's wife Lydia Sargent, although there was no divorce until after the testator's death. At the date of the execution of

the codicil to the will of the testator, March 28, 1887, and at his death, two children of his son Henry and the said Lydia Sargent were alive to the knowledge of the testator, namely, Henry Sargent, Jr., and Mary Sargent Brown; and no further children were born to the testator's son Henry and his wife, Lydia Sargent.

Henry Sargent, Jr., died on December 21, 1918, testate, without issue. His will was duly proved and allowed. In the first paragraph thereof he gave, bequeathed and devised all of his property and estate real, personal and mixed, wherever situated, to which he should be in any way entitled at the time of his decease and over which at the time of making his will or thereafter, he should have any power of testamentary disposition or appointment, to his wife and her heirs forever. This was a due execution of the power of disposing by will of the interest of Henry Sargent, given to him under the codicil. *Hassam* v. *Hazen*, 156 Mass. 93. *Howland* v. *Parker*, 200 Mass. 204. *Russell* v. *Joys*, 227 Mass. 263, 267.

The original trustees resigned or died and the plaintiff was duly appointed trustee to fill the vacancies. It has continued to act under said appointment down to the present time, and now prays that this court will construe the last paragraph of the codicil and instruct it on the following points:

"First. Is Mildred P. Sargent, executrix of the will of Henry Sargent, Jr., entitled to receive one third or any part of the income which accrued between August 6, 1918, the date of the last semi-annual payment of income to Henry Sargent, and December 21, 1918, the date of the death of said Henry Sargent? If not, to whom should such part of the income be paid?

"Second. Is Mildred P. Sargent entitled to receive one third or any part of the income from the trust fund accruing after the death of Henry Sargent, Jr., by virtue of the provisions of his will or otherwise; and, if so, to what part and for what period will she be entitled to receive the same? If she is not entitled to any of the income accruing since the death of said Henry Sargent, Jr., to whom should the same be paid?

"Third. Is Mildred P. Sargent by virtue of the provisions of the will of Henry Sargent, Jr., or otherwise, entitled to receive any part of the principal of the trust fund; and, if so, to what part is she entitled and at what time is distribution of the same to her to be made?

"Fourth. Are the residuary legatees under the will of Joseph Sargent, the testator, entitled to any part of the principal of said fund; and, if so, to what part and at what time is distribution of the same to be made to them?"

As executrix of the estate of Henry Sargent, Jr., Mildred P. Sargent is entitled to receive one third part of the income which accrued between August 6, 1918, and December 21, 1918, the date of the death of Henry Sargent, Jr. R. L. c. 141, § 25.

Mildred P. Sargent is not entitled as executrix or otherwise under the will of her husband to receive one third or any part of the income from the trust fund accruing after the death of Henry Sargent, Jr. — the codicil in explicit terms providing that the income which the trustee is required and directed to apply "in semi-annual payments, equally to the support of Lydia Sargent . . . and to her children" shall be divided equally among the survivors in case of the death of either mother or child. Regardless of the order of their deaths, the intent of the testator is plain that the survivor or survivors shall receive through the trustee the entire income of the trust so long as they or any one of them shall live to receive support. It is manifest that the testator did not intend that the support of the children of Lydia should fail upon the death of Lydia; and it is equally plain that he did intend that the entire income should be received as support by the survivor or survivors until the death of the last survivor, be that survivor the mother or a child, — equally if two or more, and entirely if one. The power given any child of Lydia and Henry in case of the marriage of that child to dispose of his or her interest by will on his or her decease, does not confer any right to dispose of the income applied to the support of that child during its lifetime, because that support necessarily ceased with the death of the beneficiary, because the power is to dispose of "interest" and not income, and because to do so would be inconsistent with and repugnant to the provision that the income of the fund shall be divided equally among the survivors in case of the death of either mother or child.

It is contended that the power to dispose of his or her interest cannot apply to an interest in the principal fund out of which the income arises, because in analogy to the limitation of the trust in the preceding paragraph of the codicil the duration of the trust in

question is limited to the life of Lydia Sargent. The analogy fails for the reason that the testator in the preceding paragraph gives the entire use and benefit of the income of $10,000 as the increment of the unsold real estate, which in appraisal the $10,000 represents, to Lydia for life, with the principal sum or its representative not income to be divided "among the children of the said Lydia, by my son Henry," if there are such children at her death; whereas in the paragraph in question the trust for support is to continue during the several lives of the children who shall survive Lydia. To a majority of the court it would seem to be the intent of the testator, and we so construe his codicil, to empower any child in case of his or her marriage to dispose of the trust fund as the "interest" of that child might be at his or her death, subject to the undisturbed enjoyment of the entire income during the lifetime of the surviving beneficiary or beneficiaries under the trust. The result of this construction is that the widow of Henry, Jr., takes in her own right one half of the principal fund subject to the life interest of the surviving mother and sister; the surviving sister has a power to dispose by her will of the remaining half of the trust fund subject to any outstanding life interest in the income; and the residuary legatees under the will of Joseph Sargent are not entitled to receive any part of the principal of said fund.

The determination of the rights and several interests in the life estate has required a departure from the well settled rule that a direction as to the final disposition of the trust property will not be given while equitable life estate continues, and is not to be taken as a precedent for such action. *Minot* v. *Taylor,* 129 Mass. 160. *Bullard* v. *Chandler,* 149 Mass. 532.

The trustee accordingly is instructed:

1. That Mildred P. Sargent, executrix, is entitled to receive the income that accrued between August 6, 1918, and December 21, 1918.

2. Mildred P. Sargent is not entitled to receive one third or any part of the income accruing after the death of Henry Sargent, Jr., by virtue of the provisions of his will or otherwise; the income so accruing is to be paid to Lydia Sargent and to Mary S. Brown, equally, and to the survivor of them, wholly.

3. Mildred P. Sargent, by virtue of the provisions of the will

of Henry Sargent, Jr., is entitled to receive one half of the principal of the trust fund on the death of the survivor of Lydia Sargent and Mary S. Brown.

4. The residuary legatees under the will of Joseph Sargent are not entitled to any part of the principal of said fund.

*Decree accordingly.*