OLD COLONY TRUST COMPANY, executor, *vs.* TREASURER AND RECEIVER GENERAL & others.

Suffolk. November 22, 23, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Devise and Legacy. Trust,* What constitutes. *Equity Jurisdiction,* Bill for instructions. *Words,* "Heirs."

A testator by the first clause in his will bequeathed and devised to his sister "and to her heirs, . . . $15000 the principal sum of which shall be invested in real estate mortgages, by my trustee, in Boston in sums *not to exceed* ¾ of the assessed value, and the income shall be paid to her or to her heirs every six months." Upon a bill for instructions brought by the executor during the lifetime of the sister it was *held,* that

   (1) The words "and to her heirs" were intended as words of purchase and not of limitation;

   (2) A valid trust was created for the benefit of the testator's sister during her life;

   (3) The final disposition of the principal of the trust funds upon the respective deaths of the sister and her daughter was not properly before the court.

If a provision which undertakes to create a trust is valid in part and contrary to law as to other provisions, it will be upheld so far as it is lawful and will fail only to the extent that it is invalid. .

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk on January 9, 1922, by the trustee under the will of William H. Reed, late of Boston, for instructions.

Richard C. Evarts and Charles M. Storey were appointed guardians *ad litem*, respectively, for Parker Reed and Edward N. Dingley, Jr., minors interested in the estate, and Raymond S. Wilkins was appointed guardian *ad litem* for all persons unborn or unascertained who might be interested in the estate.

The suit was heard in the Probate Court by *Grant*, J., upon the bill and answers. The instructions requested and material portions of the will are described in the opinion. By order of the judge a decree was entered, material portions of which were as follows:

"1. That Old Colony Trust Company, executor of the will of William H. Reed, deceased, pay over, transfer, and deliver to itself, as Trustee under said will, the sum of fifteen thousand dollars ($15,000) in cash, or the equivalent thereof in property of the estate, now held by it as executor aforesaid, together with interest thereon at the rate of 5% from Nov. 19, 1919, in trust to pay the income thereof semi-annually to the respondent, Francena Robinson during her life.

"2. That Old Colony Trust Company, executor of the will of William H. Reed, deceased, pay over, transfer, and deliver to itself, as Trustee under said will, the sum of twenty-five thousand dollars, ($25,000) in cash or the equivalent thereof in property of the estate now held by it as executor aforesaid, together with interest thereon at the rate of 5% from Nov. 19, 1919, in trust to pay the income thereof semi-annually to the respondent, Miriam G. Dingley, during her life.

"3. That the question of the final disposition of said sums of fifteen thousand dollars ($15,000) and twenty-five thousand dollars ($25,000) upon the respective deaths of said Francena Robinson and Miriam G. Dingley is not properly before the Court at this time."

Francena Robinson, Miriam R. Dingley, Nelson Dingley, 3d, and Madalen Dingley appealed.

*Asa P. French,* for the defendants Francena Robinson and Miriam R. Dingley.

*G. W. Abele,* for the defendants Nelson Dingley, 3d, and Madalen Dingley.

*E. H. Hewitt,* for the defendant William A. Reed.

*R. C. Evarts,* guardian *ad litem,* for Parker Reed, and *C. M. Storey,* guardian *ad litem,* for Edward N. Dingley, Jr., submitted briefs.

CROSBY, J.  This is a petition for instructions, brought in the Probate Court for the county of Suffolk by the executor under the will of William H. Reed, as to the construction and legal effect of the first and second paragraphs of the will which are as follows:

(1) "After the payment of my just debts and funeral charges, I bequeath and devise as follows: Francena Robinson, my sister, of Braintree and to her heirs, Fifteen thousand dollars ($15000. ⚹) the principal sum of which shall be invested in real estate mortgages, by my trustee, in Boston, in sums not to exceed ¾ of the assessed value, and the income shall be paid to her or to her heirs every six months."

(2) "I give devise and bequeath to my sister's daughter Miriam G. Robinson wife of Edward N. Dingley and to her heirs twenty five thousand dollars ($25000.) the principal to be invested and the interest paid as in the same manner as provided in the foregoing bequest to my sister Francena."

The will is dated October 23, 1918, and was duly admitted to probate.

By an earlier will dated June 24, 1918, the testator made the following provisions:

"To my sister Francena, widow of Henry C. Robinson, fifteen thousand dollars ($15,000.)."

"To Miriam G. Robinson, wife of Edward N. Dingley, twenty-five thousand dollars ($25,000) and to her issue." This earlier will was revoked by the present will.

It is well settled that in the interpretation of wills the intention of the testator shall prevail unless inconsistent with the rules of law. *McCurdy* v. *McCallum,* 186 Mass. 464, 469. *White* v. *Underwood,* 215 Mass. 299. *Mullaney* v. *Monahan,* 232 Mass. 279, 281. In determining whether the paragraphs in question

do or do not create trusts, they may be construed in the light of the circumstances as they existed when the will was executed, for the purpose of ascertaining what the testator intended to express by the language used. *Gould* v. *Chamberlain,* 184 Mass. 115. *George* v. *George,* 186 Mass. 75. *Bullard* v. *Leach,* 213 Mass. 117, 120. The two bequests are expressed in similar language, and as in the second it is provided "the principal to be invested and the interest paid as in the same manner as provided in the foregoing bequest to my sister Francena," it is manifest that the two paragraphs present identical questions and should be construed alike. The appointment of a trustee in his will, and the directions as to the kind of securities in which the principal is to be invested, are significant as showing that his purpose was to establish trusts for his sister and niece.

We are of opinion that the words "and to her heirs" were intended as words of purchase and not of limitation. The bequest to Francena Robinson provides that the income shall be payable to her "or to her heirs." It thus appears that the testator in making the bequest used the word "heirs" as descriptive of the persons to be benefited and not as descriptive of the estate created.

It is objected that if the testator had in mind the creation of a trust of some kind for the benefit of his sister and niece, the language by which he attempted to accomplish it is too vague and uncertain to enable the court to determine his purpose. This objection cannot prevail. Whatever ultimate disposition is to be made of the fund, it is clear that a valid trust was created for the benefit of the persons named during their lives, which must be maintained. If a provision which undertakes to create a trust is valid in part and contrary to law as to other provisions, it will be upheld so far as it is lawful and will fail only to the extent that it is invalid. *Odell* v. *Odell,* 10 Allen, 1. *Brown* v. *Wright,* 168 Mass. 506, 510. *Watson* v. *Watson,* 223 Mass. 425, 429.

It was said in *Sears* v. *Choate,* 146 Mass. 395, at page 398: "Where property is given to certain persons for their benefit, and in such a manner that no other person has or can have any interest in it, they are in effect the absolute owners of it, and it is reasonable and just that they should have the control and disposal of it unless some good cause appears to the contrary."

·

That principle cannot apply to the case at bar in view of the conclusion reached as to the proper construction of the paragraphs in question. Whether the provisions of the earlier will were proper to be considered as evidence of the testator's intention, need not be determined in view of the conclusion reached; if the evidence was competent it would not change the result.

The interpretation of these paragraphs by the Probate Court was correct. The judge rightly ruled that the question of the final disposition of the principal of the trust funds upon the respective deaths of Francena Robinson and Miriam G. Dingley is not properly before the court at this time. The rule is well settled that instructions will not be given by the court to a trustee except so far as the same relate to his present duties. *Minot* v. *Taylor,* 129 Mass. 160, 164. *Bullard* v. *Chandler,* 149 Mass. 532, 538. *Quincy* v. *Attorney General,* 160 Mass. 431, 437. *White* v. *Massachusetts Institute of Technology,* 171 Mass. 84, 97. *Tibbetts* v. *Tomkinson,* 217 Mass. 244, 252. We are of opinion that the rule so firmly established should be adhered to in the present case.

In *Old Colony Trust Co.* v. *Sargent,* 235 Mass. 298, 303, it was said that the determination of the rights and several interests in the life estate there considered required a departure from the rule, but was not to be taken as a precedent for such action.

As the instructions of the Probate Court were correct, the entry must be

<div align="right">

*Decree affirmed.*