ARTHUR H. SHERWIN, administrator with the will annexed, *vs.* WILLARD AUSTIN SMITH & others.

Franklin.    September 21, 1932. — March 29, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Guardian,* Ad litem. *Trust,* What constitutes. *Probate Court,* Appeal. *Waiver.*

Upon an appeal from a decree of a probate court upon a petition for instructions, an objection by the appellant to parts of the decree concerning which he made no argument in this court was taken to be waived.

Where a probate court appointed a guardian *ad litem* to represent the interests of three minor respondents in a petition for instructions respecting provisions in a will and he appealed from a final decree upon the petition, it was not necessary to allow a motion by him that he also be appointed guardian *ad litem* by this court respecting his appeal.

Provisions of the will of a woman, which was made about six years before her death and was not phrased with technical nicety, gave all her property to a certain person "as a Trust Fund and to be held in trust for the use and benefit of" her husband during his life, "he to have the income and so much of the principal as he may need, in the discrestion [*sic*] of my said Trustee," and after his death a certain sum was to be given to a named legatee and a further sum "for the permanent maintenance and care of" a cemetery lot; there then followed this provision: "The rest and residue I direct to be equally divided between" two named grandnephews and a grandniece "to be used only for educational purposes." Upon the hearing of a petition brought by the administrator with the will annexed for instructions after the death of the husband, it appeared that the sum to be used as directed in the quoted clause would not exceed $25,000; that at the date of the will the ages of the grandnephews and grandniece were between a few months and seven years; and that one third of such sum would not be an unreasonable amount to set aside for use only in the education of each of the minors. *Held,* that

(1) The intention of the testator was to create a trust for the education of the grandnephews and the grandniece named;

(2) It was not necessary that there be express words directing the creation of a trust;

(3) A decree of the Probate Court directing the petitioner, after the settlement of his accounts as administrator to pay "to a trustee to be appointed by the court each of said three parts of said residuary estate . . . to be held and expended . . . under the terms of . . . [the] trust" so construed, was affirmed.

PETITION, filed in the Probate Court for the county of Franklin on September 15, 1931, for instructions as to the will of Mary D. Dexter, late of Orange.

The Probate Court appointed John W. Heselton as "guardian *ad litem* or next friend" for Willard Austin Smith, Marcia Loraine Smith and Robert Pierce Smith, minors. He filed a report.

Provisions of the will, which was made in 1924, were as follows:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows:

"All the property of which I shall die possessed, whether Real-estate, personal property or mixed, I give, bequeth and devise to Joseph Atwell, of Watertown, in the state of New York, as a Trust Fund and to be held in trust for the use and benefit of my husband David E. Dexter, of said Orange Massachussetts, if he shall survive me, he to have the income and so much of the principal as he may need, in the discrestion of my said Trustee: And upon the death of my husband, the said David. E. Dexter., I give and bequeath from the amount remaining the sum of Five hundred dollars ($500) to Hattie Knapp Perry, of Chicago Illinois.

"And I also give and bequeath from the amount remaining upon the death of my husband the said David. E. Dexter, the sum of Five hundred dollars ($500) for the permanent maintenance and care of my cemetery lot in Black River, N. Y.

"The rest and residue I direct to be equally divided between my grand-nephew Willard Austin Smith and my Grand-niece, Marcia Loraine Smith, and my grand-nephew Robert Pierce Smith, to be used only for educational purposes:

"I hereby appoint and name the said Joseph Atwell, of Watertown N. Y. to be the executor of this my last will and testament and I also request and direct that said Joseph Atwell be exempt from giving any surety or sureties on his official bond either as Executor of my will or as Trustee of estate passing into his care and keeping."

The petition was heard by *Thompson*, J.   He found that the will was made in 1924; that the testatrix died on February 18, 1930, and her husband five days later.   Other material facts found by the judge are stated in the opinion. By his order a final decree was entered on April 5, 1932, material portions of which were as follows:

"As to the provisions of the residuary clause: it appearing that it was the intent of the testator that her residuary estate should be divided into three equal parts and that the Willard Austin Smith, Marcia Loraine Smith and Robert Pierce Smith named in the residuary clause of her said will should each receive the benefit of one such part; that she knew these three beneficiaries to be minors and did not intend the property to be paid into their hands and that the language used by her in said clause, to wit: — 'to be used only for educational purposes,' were intended by the testator to be imperative and are sufficient to create a trust and did create a trust, although she named no trustee and might have used — and did use in creating, in a preceding clause in her said will, a trust for the benefit of her surviving husband — language more apt for the purpose and more specific in defining the purposes of the trust; and that said trust fund is to be used only for educational purposes:

"It is hereby ordered that the petitioner, after the settlement of his accounts in the court, pay to a trustee to be appointed by the court each of said three parts of said residuary estate, the same to be held and expended by such trustee under the terms of said trust as construed and interpreted by this order and decree; and the petitioner is so instructed: And, from the estate of said testator in the hands of said petitioner, he is hereby directed to pay to said guardian *ad litem* for his services in this matter the sum of $100 which is hereby allowed therefor, and to include the same in his account."

An appeal from the decree was filed by "Leroy A. Smith, Guardian" of Willard Austin Smith, Marcia Loraine Smith and Robert Pierce Smith on April 8; and on April 23 the guardian *ad litem* filed a document in which he stated that

"for the purpose of protecting the interest of his wards who by their statutory guardian claim to be aggrieved by the entry of the decree hereinafter mentioned," he thereby joined "in the appeal heretofore taken by the statutory guardian of said wards."

*C. Fairhurst*, for "Leroy A. Smith, guardian, *et al.*," submitted a brief.

RUGG, C.J.   This is a petition by the administrator with the will annexed of the will of Mary D. Dexter, who died in 1930.   Her will was dated in 1924.   She left her entire estate in trust, with provisions for the benefit of her husband, now deceased.   These provisions are not here material.   To take effect upon the death of her husband, she gave a pecuniary legacy for the benefit of one individual, which has been paid.   The petition seeks instructions as to two remaining gifts over after the death of her husband. By clause third she gave $500 "for the permanent maintenance and care of my cemetery lot in Black River, N. Y." Although the appeal was from the decree of the Probate Court, no argument has been made to us that the decree respecting that clause was not right.   Any objection to that part of the decree is taken to be waived.   The remaining clause as to which instructions were sought was in these words: "The rest and residue I direct to be equally divided between my grand-nephew Willard Austin Smith and my Grand-niece, Marcia Loraine Smith, and my grand-nephew Robert Pierce Smith, to be used only for educational purposes."   The residuary estate disposed of by this clause after payment of all debts, other legacies, and expenses, while not at present exactly ascertainable, apparently will not exceed, even if it equals, $25,000.

The three persons mentioned in this clause are named as respondents.   All are minors, nonresidents of the Commonwealth, and born respectively in 1917, 1921, and 1924. Leroy A. Smith, the father and also the guardian of these minors in the State of their domicil, was treated in the Probate Court as *amicus curiae* and heard in argument in behalf of his children.   A guardian *ad litem* also was appointed, who filed in the Probate Court a full statement of

his contentions as to the law, printed in the record, but has filed no brief in this court. He presented to the full court a motion asking appointment as guardian *ad litem.* There is no controversy between him and the father of the minors. It is not necessary to make such appointment in this court. *Bartlett* v. *Slater,* 183 Mass. 152, is not an authority to the contrary: it arose when the procedure was quite different from that established under the present statutes.

The question to be decided is whether, according to the true meaning of the quoted testamentary clause, a trust was created for the education of the children, or whether an absolute and unqualified gift to them was made. The rule for the construction of wills is well settled. It is to ascertain the testamentary intent from the whole instrument, attributing due weight to all its words, and then to give effect to that intent unless prevented by some positive principle of law. It is permissible to look at all material circumstances in the light of which the will was executed, in order to understand the sense and purpose of the language employed. *Ware* v. *Minot,* 202 Mass. 512, 516. *Temple* v. *Russell,* 251 Mass. 231, 235, 237, and cases collected. *Sewall* v. *Elder,* 279 Mass. 473, 477.

The clause in question is not phrased with technical nicety. It hardly could have been drafted by an attorney skilled in preparing wills. It is to be treated as the expression of an intelligent person without full legal training. The clause divides itself into two parts. The first part indicates definitely the beneficiaries. It is not a direct gift but a direction as to proportions of division. If it stood alone, it might be construed as an absolute gift. It does not stand alone. It is followed by the second part comprising the words "to be used only for educational purposes." These words are positive and unequivocal. They import a mandate rather than a request. The educational purpose is emphasized by the preceding word "only," which in its ordinary signification excludes every other use. The frame of the clause does not indicate first an absolute gift, with a secondary attempt to cut down an unconditional estate by

an incidental afterthought. The end of the clause appears to have been in mind throughout. It may well be that the testatrix did not desire these small children to have the share of her estate upon any other terms than for use in their education. That would be an intelligent design. Thus it would be a stimulus to the acquisition of knowledge and to the training of mind, while an absolute gift might have an opposite effect. At all events, that is what she said in the will. It is true that there is no gift over in case of the death of any of these children, and that there is a presumption against intestacy when language is doubtful in meaning and two courses are open. *Jones* v. *Gane*, 205 Mass. 37, 43. But the testamentary purpose is expressed too clearly in the case at bar to permit the operation of that presumption. It declares that the sole aim of the clause is to provide for the education of the children. It expresses much more than a wish. It does not purport to be advisory. It contains an explicit direction for educational ends and for nothing else. Apparently this was the extent of the design of the testatrix. If that design should chance to be frustrated from any cause, the inference is that she was content with intestacy to that extent. Compare *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 40.

No case has arisen in this Commonwealth very near in its words and circumstances to the case at bar. See *Poor* v. *Bradbury*, 196 Mass. 207, for collection of cases on precatory trusts, and *Bramley* v. *White*, 281 Mass. 343. The case of *Clifford* v. *Stewart*, 95 Maine, 38, is closely in point. Testamentary language similar to that here employed was held to create a trust and not a gift. The reasoning of the court on that branch of the case is strong and convincing.

The intention of the testatrix, in our opinion, was to create a trust for the education of the children. One of the material facts found by the trial judge was that one third of the net amount of the estate would not be an unreasonable sum to be set aside "to be used only for educational purposes" for each of the minor children. It is not necessary that there be express words directing the crea-

tion of a trust. It is enough if the purpose of the testatrix cannot be executed in any other way than through the instrumentality of a trust.

Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Decree affirmed.*