SARA A. CRONAN & others, trustees, *vs.* SARA A. CRONAN & others.

Essex.    April 2, 1934. — May 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Reservation, Petition for instructions.    *Trust,* Construction of instrument creating trust, Termination.

Upon reservation of a petition in a probate court by a fiduciary for instructions, only questions of law apparent upon the record are presented for consideration.

The petitioner in a petition in a probate court by a fiduciary for instructions has a right to request instructions concerning his immediate and present duties only, but not as to those which may arise in the future.

The will of one whose estate consisted in part of real estate contained the following provisions: "I want the executors not to dispose of any of my property for ten years.  If at the end of that time the executors wish to dispose of any of the property and can do so to a good advantage it is my wish that they do so.  I wish to state that all my property at the end of ten years shall be divided into twelve twelfths, and if any of these that I mention should pass away before the expiration of the ten years their share shall go to their children if they have any and if not, it shall go to the remaining heirs.  Now I shall name the heirs."  A list of heirs followed, with a direction as to the twelfths to be given to each.  Upon a petition for instructions filed, ten years and two months after the testator's death, by trustees appointed under the will, the case was reserved for determination by this court upon the pleadings only, and it was *held,* that

(1) At most there was conferred upon the trustees discretion to decide within a reasonable time after the expiration of the ten years when the sale and distribution ought to be made;

(2) The trustees had no power nor authority .to continue the trust indefinitely merely because they might wish to do so;

(3) The quoted provision as to the division of the property into twelfths was not a positive mandate that the trust should cease at

the expiration of ten years and the beneficiaries thereafter hold the real estate as tenants in common;

(4) Nor should such provision be interpreted to mean that a division of the real estate was required at the time of this court's decree, eleven years and nearly three months after the testator's death;

(5) The fair import of the quoted paragraph as a whole was that the preference of the testator was that, subject to the stated conditions as to extension of time, the end of the period of ten years be the time when the trust should end.

PETITION for instructions, filed in the Probate Court for the county of Essex on May 2, 1933, by trustees under the will of Thomas F. Cronan, late of Salem.

The pleadings are described in the opinion. The case was reserved by *O'Brien*, J., for determination by this court.

The case was submitted on briefs.

*A. L. Averill, W. G. Clark, & C. R. Clark*, for the respondents Sara A. Cronan and others.

*J. W. Sullivan, W. H. McSweeney, & J. F. Doyle*, for the respondents John Cronan and others.

RUGG, C.J. This is a petition by the trustees under the will of Thomas F. Cronan, late of Salem, for instructions as to their powers and duties under the will of the testator. The beneficiaries under the will are the parties respondent. It is alleged in the petition that the testator died on March 3, 1923, leaving a will under which the petitioners were appointed trustees in May, 1923. The trust property consists, in part at least, of houses and real estate. The provision of the will as to which instructions are sought is of the tenor following: "I want the executors not to dispose of any of my property for ten years. If at the end of that time the executors wish to dispose of any of the property and can do so to a good advantage it is my wish that they do so. I wish to state that all my property at the end of ten years shall be divided into twelve twelfths, and if any of these that I mention should pass away before the expiration of the ten years their share shall go to their children if they have any and if not, it shall go to the remaining heirs. Now I shall name the heirs." Then follows a list of the heirs with a statement of the twelfths to be

given to each, and allegations as to the present holders of the title. It is alleged further that the real estate market is bad and that the real estate of the trust "cannot be sold to good advantage or for any reasonable price at this time." The prayers in substance and effect are for instructions concerning (1) the time of the termination of the trust, and (2) the powers and duties of the trustees in the present real estate market. All the beneficiaries of the trust have answered. Some admit and others deny the allegations as to the condition of the real estate market. It does not appear that any oral evidence was heard. The case comes before us by action of the probate judge stated in these words: "By agreement of the parties and without making any decision thereon I reserve and report the following questions of law for the construction of the Supreme Judicial Court: 1. When does the trust set forth in the petition for instructions terminate? 2. Is it mandatory or discretionary on the part of the trustees to terminate the trust at this time?" The case comes before us on a rather bare record. There are no allegations and no findings of fact concerning the nature of the several parcels of real estate included in the trust. There are no findings as to the disputed issues of fact raised by the pleadings. There is nothing to show whether it is practicable to make a fair division of the real estate without sale. It is with hesitation that we treat the case as rightly before us in these circumstances.

Only the questions of law apparent upon the record are presented for consideration. G. L. (Ter. Ed.) c. 215, § 13. *Thompson* v. *Barry*, 184 Mass. 429, 431. The trustees have a right to request instructions concerning their immediate and present duties, but not as to those which may arise in the future. *Bullard* v. *Chandler*, 149 Mass. 532, 537, 538. *Parkhurst* v. *Ginn*, 228 Mass. 159, 171–172. *Old Colony Trust Co.* v. *Treasurer & Receiver General*, 243 Mass. 543, 547. *Boyden* v. *Stevens*, 285 Mass. 176, 180.

Some of the beneficiaries contend that the trustees are under a present duty under the terms of the will, regardless of the condition of the real estate market, to sell and dis-

tribute the estate, or to make a division without sale. Thus arise questions of law as to the meaning of the paragraph already quoted from the will.

The testamentary directions as to the termination of the trust are not clear. The will was not drawn with the care of a competent draftsman. The rule of interpretation is that the intent of the testator must be gathered from the entire will, attributing due weight to all its words and assuming that the different provisions were intended to be harmonious with each other, and then that intent must be given effect unless contrary to some positive rule of law. *Ware* v. *Minot*, 202 Mass. 512, 516. *Shattuck* v. *Balcom*, 170 Mass. 245, 251. *Sewall* v. *Elder*, 279 Mass. 473, 476–477. *Sherwin* v. *Smith*, 282 Mass. 306, 310. *O'Reilly* v. *Irving*, 284 Mass. 522.

In the paragraph of the will now under inquiry there is no ambiguity about the direction that none of the trust property shall be sold for a period of ten years. That is certain. What is to be done with the trust property after the expiration of that decade is expressed in the two sentences following that positive direction. The first of these confers power upon the trustees to sell the trust property provided they wish to do so and ascertain that they can sell it to "a good advantage"; the second of these sentences contains these words: "I wish to state that all my property at the end of ten years shall be divided into twelve twelfths . . . ." The first of these two sentences standing by itself is positive to the effect that there must be compliance with two conditions before the power of sale is exercised; one, that the trustees "wish to dispose of" any of the property, and the other, that it can be sold "to a good advantage." These two are so closely combined that they can hardly be separated. It would be most unusual to vest in the trustees an untrammeled judgment, independent of any other element save their own desire, to determine within limits allowed by law the time of the termination of the trusts. *Corkery* v. *Dorsey*, 223 Mass. 97. Such a testamentary purpose is not to be inferred from the words here used. At most they confer a somewhat flexible but wise discre-

tion, in view of all attendant conditions, to decide within a reasonable time after the expiration of the ten years when the sale and distribution ought to be made. The factors that may enter into the exercise of this discretion cannot be stated with more definiteness at this time. They cannot continue the trust indefinitely merely because they wish to do so. The other condition in this part of the will, however, is definite. The allegations of the petition, as well as common knowledge concerning the present market for real estate, seem to show sagacity on the part of the testator in making this provision. When, however, conditions become settled according to general business understanding, even though prices may be at a lower level than formerly, it may be found that a sale can be made "to a good advantage" as compared with a reasonable probability by retaining the trust property for a long time. Consistently with the first sentence, the second sentence as to the division of his property into twelfths cannot be interpreted as a positive mandate that the trust must end in ten years. It may be given reasonable force and effect by construing it to mean that when the division takes place within the limitations previously stated it shall be distributed to the persons and in the shares specified. We do not think that this paragraph of the will can rightly be interpreted to mean that the trust shall cease at the expiration of ten years and the beneficiaries hold the real estate as tenants in common. Although this question is somewhat close, that in our opinion would not be in conformity to the general scheme of the will. Moreover, one of several tenants in common may require partition or sale of the common land. G. L. (Ter. Ed.) c. 241. That well might conflict with the testamentary provision against a sale unless "to a good advantage." Nor do we think it means that division of the real estate among the beneficiaries is required at this time. The fair import of the paragraph as a whole is that, subject to the stated conditions as to extension of time, the preference of the testator was that the period of ten years be the time when the trust should end.

The provisions of the will respecting minors and respecting the homestead estate throw no light upon the issues here raised and need not be considered.

It is not practicable to give a categorical answer to the several requests for instructions. It is enough to say, in answer to all of them, that the trust does not terminate at the expiration of ten years, that the present duty and power of the trustees are to hold the trust real estate until it can be sold "to a good advantage" under fairly settled market conditions, and then to exercise sound judgment in bringing the trust to an end by sale and distribution of the property.

*Ordered accordingly.*