ALICE M. ESTABROOK *vs.* EASTERN COMMERCIAL TRAVELERS ACCIDENT ASSOCIATION.

Worcester.   February 6, 1941. — February 26, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Insurance*, Accident.   *Words,* "Gas," "Either."

Under a certificate of fraternal benefit accident insurance, which provided that no indemnity should be paid for death resulting from any injury caused wholly or in part, directly or indirectly, "by . . . gas," there could be no recovery for death resulting from accidental inhalation of illuminating gas.

CONTRACT.   Writ in the Superior Court dated March 10, 1938.

The case was heard by *Leary*, J., and in this court was submitted on briefs.

*G. T. Dewey, Jr., & L. E. Stockwell*, for the plaintiff.

*R. Walsworth*, for the defendant.

COX, J.   This is an action of contract brought by the plaintiff as beneficiary under a certificate of membership insurance issued to her deceased husband by the defendant, a fraternal benefit society.  See G. L. (Ter. Ed.) c. 176.  The case was tried by a judge of the Superior Court, sitting without jury, who made findings of fact, denied certain requests for rulings of the plaintiff, ruled that under the terms of the certificate the plaintiff could not recover, and found for the defendant.  It is agreed that there was evidence to support his findings of fact, that, among other things, the deceased came to his death accidentally because of poisoning from illuminating gas which escaped from an open jet in the

room where the body was found. There is no suggestion of suicide, and no question raised as to the sufficiency of notice and proof of death. The important question is whether there can be recovery for death caused by gas poisoning in the circumstances disclosed.

The certificate provides for the payment of indemnity for certain accidental disabilities, and for death, the covenants and agreements relating to which are upon express conditions: "No indemnity shall be paid to any member for any disability or injury of which there shall be no external and visible mark on the body of the member, nor for any injury caused wholly or in part, directly or indirectly, by . . . gas . . . . Nor shall any indemnity be paid to the beneficiary of any member for the death of said member resulting from an injury caused wholly or in part, directly or indirectly, by either of the foregoing causes."

The plaintiff contends that the word "gas" as used in the certificate is intended to apply only to the intentional inhalation of gas, and does not apply to an accidental inhalation such as, it was found, caused the death in the case at bar. There are reported cases which would seem to be authorities for this contention, but we are of opinion that it cannot be sustained, and that the construction placed upon the terms of the certificate by the trial judge was correct. The conditions, hereinbefore referred to, also except, among others, injuries caused wholly or in part, directly or indirectly, by hernia, fits, vertigo, somnambulism, insanity or disease in any form, or poison in any form, contact with poisonous substances, surgical operations, medical treatment, duelling, fighting, boxing or wrestling, war, riot, lifting or overexertion, suicide, sunstroke, freezing, riding or driving in races, or voluntary exposure to unnecessary danger.

It may be well to have in mind that this is a contract of insurance against accidents, and death resulting therefrom, that is, against risks and dangers that in general are unintentionally, involuntarily and unexpectedly incurred. See *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, where, at page 525, the following is quoted from *United States*

*Mutual Accident Association* v. *Barry*, 131 U. S. 100, 121: "'. . . if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means.'" The object of an exception in the contract is to exclude that which otherwise would be included within it, and since the injuries and death against which the association covenants to indemnify by this certificate are those accidentally incurred, the natural and logical function of that part of the exception under consideration is to exclude such injuries and death, rather than those voluntarily and consciously encountered. *McGlother* v. *Provident Mutual Accident Co.* 89 Fed. 685, 687. By way of testing the contention of the plaintiff, it may be asked whether no death from hernia which is not voluntarily produced is covered by this exception; none from vertigo unless the victim intentionally has the attack; none from somnambulism unless the deceased purposely, voluntarily and consciously walks in his sleep; and none from disease unless voluntarily and consciously incurred.

The cases upon which the plaintiff relies seem to have followed the decision in *Paul* v. *Travelers' Ins. Co.* 112 N. Y. 472, where there was an exception in an accident policy if the injury or death resulted from inhaling of gas. It was held that the words of the exception did not apply where the act of inhalation was not voluntary or conscious. But the judge who wrote the opinion in that case said, at pages 478-479: "If the policy had said that it was not to extend to any death caused wholly or in part by gas, [instead of by inhaling gas] it would have expressed precisely what the . . . [defendant insurance company] now says is meant by the present phrase, and there could have been no room for doubt or mistake." The contention of the defendant in that case was that inasmuch as the deceased came to his death by the inhalation of gas, there was no right of action. The cases that have followed the *Paul* case, as well as those

that have not, may be found in 11 Am. L. R. 389, and 40 Am. L. R. 52. It is unnecessary to discuss the cases that adopt the reasoning of the *Paul* case, or to examine the terms of the policies involved in them. In any event, we do not follow them.

We are of opinion that there is no ambiguity in the use of the words "by gas." No question is raised as to what the word "gas" means, or that it is not precisely applicable to the situation in the case at bar. In order to adopt the contention of the plaintiff, it would be necessary to read into the certificate something that is not there, or to rely upon an implied meaning drawn from words not there found. This we cannot do. We are of opinion that, the cause of death having been from gas, the ruling that the plaintiff could not recover is correct. There is support for this conclusion. *In re United London & Scottish Ins. Co. Ltd.* [1915] 2 Ch. 167. *Ferris* v. *Southern Surety Co.* 157 La. 910. *McGlother* v. *Provident Mutual Accident Co.* 89 Fed. 685. *Hawkeye Commercial Men's Association* v. *Christy,* 294 Fed. 208. See *Birss* v. *Order of United Commercial Travelers,* 109 Neb. 226, 229; *Jones* v. *Hawkeye Commercial Men's Association,* 184 Iowa, 1299; *Fehrer* v. *Midland Casualty Co.* 179 Wis. 431, 439; *Stone* v. *Physicians Casualty Association,* 130 Neb. 769.

The plaintiff has suggested that the use of the word "either" in the last sentence quoted from the conditions of the certificate is ambiguous because of the many exceptions thereinbefore set out, and that by the common, normal use of the word "either" one of two is meant, so that it cannot be said that reference is made specifically to the word gas. Sometimes, however, the word "either" may signify each one, or any one, and we are of opinion that it was used in this sense in the certificate in question. *Watson* v. *Watson,* 223 Mass. 425, 428–429.

There was no error in the denial of the first and second requests for rulings of the plaintiff, to the effect that the provision in the certificate relating to death by gas amounted to an exclusion only when gas was inhaled intentionally and was not intended to apply to accidental inhalation;

and there was no error in the refusal to grant the sixth request, that upon all the evidence the plaintiff was entitled to recover.  The plaintiff's third request that, the "gas" clause being an exception in the policy, the burden rests upon the defendant to show that its operation prevents the plaintiff from recovering, was immaterial in our opinion. It was a part of the plaintiff's case to show that the deceased's death was caused by accidental means.  No question is raised but that it was caused by accidental gas poisoning. This fact, upon which the plaintiff must rely, being established, the remaining question was as to the legal interpretation of the certificate.  This question was directly raised by the first and second requests which were properly refused.  If it can be assumed that there was any burden on the defendant in these circumstances, it related wholly to a matter of law that was correctly decided by the trial judge.

*Exceptions overruled.*