35 Mass. App. Ct. 456 (1993)
624 N.E.2d 571
K.J.M.
vs.
M.C.
No. 92-P-866.
Appeals Court of Massachusetts, Hampden.
June 4, 1993.
November 1, 1993.
Present: KASS, JACOBS, & IRELAND, JJ.
Patricia M. Hebert for the mother.
Michael E. O'Connell for the father.
JACOBS, J.
Her child was less than a month old when the mother filed a complaint in the Probate and Family Court for Hampden County essentially to establish paternity pursuant to G.L.c. 209C, and to obtain an award of custody[1] and suitable support. In his answer to the complaint, the defendant admitted paternity and asked the court to establish a reasonable visitation schedule.
At a hearing on the complaint conducted when the child was five weeks old, the only issues addressed after the father formally acknowledged paternity were those of support and *457 visitation. Through counsel, the mother suggested child support of thirty dollars per week and the father, who was then a high school student, mildly resisted any order "much beyond ... twenty dollars." The visitation issue focused on whether the father, who had yet not visited with his child, would see her at the mother's home or be permitted to take her to his home. At the end of the hearing, the judge recited into the record that she was adjudicating the defendant to be the father, establishing support arrearages and ordering weekly support at the rate of thirty dollars a week. She also ordered visitation for five hours every Sunday outside of the mother's home. The record discloses no discussion of custody by the parties, their attorneys or the judge. However, a judgment of paternity which was entered on the day of the hearing included an order that the "parties have joint custody with [the mother] having the physical care" of the child. In this appeal, the mother correctly claims that the grant of joint custody was error.
An award of custody incident to a paternity proceeding initiated pursuant to G.L.c. 209C is governed by § 10 of that chapter, which contains the following pertinent provisions:
"(a) Upon or after an adjudication or voluntary acknowledgment of paternity, the court may award custody to the mother or the father or to them jointly or to another suitable person as hereafter further specified as may be appropriate in the best interests of the child.
...
"In awarding the parents joint custody, the court shall do so only if the parents have entered into an agreement pursuant to section eleven or the court finds that the parents have successfully exercised joint responsibility for the child prior to the commencement of proceedings pursuant to this chapter and have the ability to communicate and plan with each other concerning the child's best interests" (emphasis supplied).
*458 The Legislature has enacted rules for construing its statutes in G.L.c. 4, § 6, which, in paragraph Third, provides that unless "technical" in nature, "[w]ords and phrases shall be construed according to the common and approved usage of the language...." This sensible standard, consonant with the common law, see United States Jaycees v. Massachusetts Commn. Against Discrimination, 391 Mass. 594, 601 (1984), leads to the conclusion that the alternative circumstances recited in § 10, alone support the award of joint custody under G.L.c. 209C, since "only" is not a technical word and, as there used, means "solely" or "exclusively." See Sherwin v. Smith, 282 Mass. 306, 310 (1933); Black's Law Dictionary 1089 (6th ed. 1990); Webster's Third New Intl. Dictionary 1577 (1971).
Neither party claims, nor does the record establish, the existence of the first stated statutory basis for awarding joint custody  a formal, notarized parental agreement as contemplated by § 11.[2] The other basis is predicated on the existence of judicial findings. The record discloses neither express findings nor any evidence which supports an inference that the requisite findings are implicit in the judge's order. To the contrary, not only was custody not an issue, but as of the time of the hearing, the disagreement over where visitation by the father would take place precluded the building of any record of "successfully exercised joint responsibility for the child prior to the commencement of [paternity] proceedings."
Accordingly, so much of the judgment as awards joint custody is modified to provide that custody is awarded to the mother, subject to the continuing jurisdiction of the Probate and Family Court pursuant to G.L.c. 209C, § 20. The judgment, as so modified, is affirmed.
So ordered.
NOTES
[1] General Laws c. 209C, § 10(b), inserted by St. 1986, c. 310, § 16, states: "Prior to or in the absence of an adjudication or voluntary acknowledgment of paternity, the mother shall have custody of a child born out of wedlock."
[2] The mother in her brief claims that an agreement giving custody to her was "presented" to the court and disregarded by the judge. We find no indication in the record of such an agreement.