ALBERT BOYDEN, trustee, *vs.* NATHALIE A. STEVENS.

Suffolk.    December 6, 1933. — January 23, 1934.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Trust,* Construction of instrument creating trust, Discretionary power of trustee, Succeeding trustee, Termination. *Probate Court,* Petition for instructions.

A testator, who left surviving him his wife and a minor daughter who died the next year leaving the wife as her sole heir at law and next of kin, by his will established a trust, the income of which was to be paid to his wife during her life with power in the discretion of the trustee to pay to her, "or to expend for her benefit or for the maintenance and education of my children or any of them, such portion of the principal as he may deem advisable." After the wife's death, the income was to be applied for the benefit of his children, "if any," or their issue, until his youngest child should reach the age of twenty-five years, or until all should have died, "whichever event first occurs. . . . Upon the death of my wife, if no issue of mine survive her . . . the trust property shall be distributed as if I had died intestate." The original trustee having died, his successor, twenty-seven years after the death of the testator, sought instructions. The testator's wife had remarried. *Held,* that

(1) The succeeding trustee succeeded to the discretionary power of the original trustee as to the use of the principal;

(2) The trustee had discretionary right and power to pay to her who had been the testator's wife, or to expend for her benefit, such portion of the principal of the trust fund as he might deem advisable, even if such payment exhausted the fund, but he should not exercise that right to an extent which would terminate the trust unless, after serious and responsible consideration, he should deem its exercise advisable;

(3) She who had been the testator's wife had no absolute right to require payment to her of the entire fund and thus to have the trust terminate during her life.

Although the trustee in the petition above described felt that it would assist him in the exercise of his discretion to be instructed whether the entire remainder interest was, in the circumstances, vested in her who formerly was the testator's wife, this court felt that the ordinary course should be followed, and declined to give instructions which did not relate to the trustee's present duties.

PETITION, filed in the Probate Court for the county of Suffolk on January 20, 1933, by the trustee under the will of Walter H. Edgerly, late of Boston, for instructions.

The petition was heard by *Dolan,* J.   Material facts and a decree entered by his order are described in the opinion. Both the petitioner and Nathalie A. Stevens appeal from the decree.

The case was submitted on briefs.

*F. H. Stevens & J. T. Fahey* for the respondent.

*C. H. Smith,* for the petitioner.

*R. Homans,* for the guardian *ad litem.*

LUMMUS, J.   Walter H. Edgerly died in 1906, testate, leaving a widow Nathalie A. Edgerly, now Nathalie A. Stevens, and a daughter Madeline who died in 1907, a minor and unmarried.   Any interest of Madeline has passed to the widow as her sole heir at law and next of kin.

The will gave the sum of $50,000, and also the residue of the estate, to Roland W. Boyden "in trust, for the benefit of my wife and children, if any, the income to be paid to my wife during her life.   My trustee shall at any time have power in his discretion to pay over to my wife, or to expend for her benefit or for the maintenance and education of my children or any of them, such portion of the principal as he may deem advisable.   After the death of my wife, so much of the income as my trustee may deem advisable shall be paid over to, or be expended for the maintenance, education and support of my children, if any, or the issue of any child who may have deceased, until my youngest living child shall reach the age of twenty-five (25) years, or until all of my children shall have deceased, whichever event first occurs.   The principal of the trust fund shall then be divided equally among my children then living and the issue of any child who may have deceased, such issue to take such child's share by right of representation.   Upon the death of my wife, if no issue of mine survive her, or upon subsequent failure of my issue prior to the time above fixed for distribution of the principal, the trust property shall be distributed as if I had died intestate."   Another article of the will provided in part, "The interests of all beneficiaries shall not be subject to attachment or execution, and shall not be anticipated by assignment."

On the death of Mr. Boyden in 1931, the petitioner Albert

Boyden was appointed trustee in his stead. He asks to be instructed (1) whether as the successor trustee he may exercise the discretionary power to pay over to Nathalie A. Stevens or to expend for her benefit such portion of the principal as he may deem advisable, (2) whether upon the death of Nathalie A. Stevens the direction that the trust property shall be distributed "as if I had died intestate" gives it to the heirs at the death of the testator (in which case Nathalie A. Stevens owns the entire remainder interest) or to the heirs determined as of the time of distribution (in which case the heirs are unascertained), (3) whether the entire beneficial interest in the principal of the trust is now vested in Nathalie A. Stevens, and (4) whether he can properly pay over the entire principal of the trust to Nathalie A. Stevens at the present time. A guardian *ad litem* was appointed for persons unborn or unascertained, and he argues that all these questions should be decided unfavorably to Nathalie A. Stevens. The Probate Court instructed the trustee that he has the power referred to in the first question, and that as to the fourth question "the trustee is not authorized to pay to her the entire trust estate in one payment, and that the only payments of principal which may properly be made to her are such as the trustee may deem advisable in the reasonable and fair exercise of the discretion reposed in him by the will." On the second and third questions the court declined to give instructions at this time. Both Nathalie A. Stevens and the petitioner appealed.

It is not now questioned that the petitioner has succeeded to the discretionary power of the original trustee. In this respect the Probate Court was right. *Stanwood* v. *Stanwood*, 179 Mass. 223, 227. *Sells* v. *Delgado*, 186 Mass. 25. *Shattuck* v. *Stickney*, 211 Mass. 327. The first question upon which the petitioner asks to be instructed should be answered in favor of his power.

What is his discretionary power? In many of the reported cases a power to pay over principal was conditioned upon a determination by the trustee or other donee of the power that certain facts existed. In *Corkery* v. *Dorsey*, 223

Mass. 97, for example, the power was to be exercised "when in the judgment of said O'Callaghan [the trustee] the said Fay is deserving and in need of aid." See also *Lovett* v. *Farnham*, 169 Mass. 1; *Allen* v. *Hunt*, 213 Mass. 276; *Wright* v. *Blinn*, 225 Mass. 146; *Lumbert* v. *Fisher*, 245 Mass. 190; *Leonard* v. *Wheeler*, 261 Mass. 130. But such a power may be given unconditionally. *Taft* v. *Taft*, 130 Mass. 461. *Kent* v. *Morrison*, 153 Mass. 137. *Burbank* v. *Sweeney*, 161 Mass. 490. *Ford* v. *Ticknor*, 169 Mass. 276. *Woodbridge* v. *Jones*, 183 Mass. 549. *Goodrich* v. *Henderson*, 221 Mass. 234. *Homans* v. *Foster*, 232 Mass. 4, 6, 7, and cases cited. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 313. *Merchants Trust Co.* v. *Russell*, 260 Mass. 162. The present will does not make the power conditional upon the actual existence of any tangible facts or the determination by the trustee that any such facts exist. All that is necessary is that the trustee "in his discretion" shall "deem advisable" the payment to Nathalie A. Stevens of the "portion of the principal" that may be under consideration. See *Sells* v. *Delgado*, 186 Mass. 25. It is true that even so broad a power as that is not an absolute power without limitation. "There is an implication, when even broad powers are conferred, that they are to be exercised with that soundness of judgment which follows from a due appreciation of trust responsibility. Prudence and reasonableness, not caprice or careless good nature, much less a desire on the part of the trustee to be relieved from trouble or from the possibility of making a foolish investment, furnish the standard of conduct." *Corkery* v. *Dorsey*, 223 Mass. 97, 101. See also *Wilson* v. *Wilson*, 145 Mass. 490, 492.

There is nothing in the will to prevent the trustee, in a proper exercise of the power, from paying over the entire trust fund at once to Nathalie A. Stevens. The use of the word "portion" does not require that some small fragment of the trust property be retained by the trustee or that the result be accomplished by paying different portions at different times until the whole has been paid over. *Cooke* v. *Farrand*, 7 Taunt. 122. *Rendlesham* v. *Meux*, 14 Sim.

249, 256, 257. *Arthur* v. *Mackinnon*, 11 Ch. D. 385. But the trust must continue during the life of Nathalie A. Stevens, except as the exercise of the power may prevent. Even though she owns the entire remainder, which we do not now decide, Nathalie A. Stevens has no absolute right to have the trust terminated during her life. *Claflin* v. *Claflin*, 149 Mass. 19. *Young* v. *Snow*, 167 Mass. 287. *Danahy* v. *Noonan*, 176 Mass. 467. *Welch* v. *Episcopal Theological School*, 189 Mass. 108. *Forbes* v. *Snow*, 245 Mass. 85, 93. *Abbott* v. *Williams*, 268 Mass. 275, 283. The trustee has the right to accomplish a termination of the trust by the exercise of the power only in case, after serious and responsible consideration, he shall deem that such an exercise of the power is advisable. The fourth question upon which the petitioner asks to be instructed should be answered in the affirmative, with the qualification already stated.

The petitioner desires instructions as to the second and third questions, already stated, upon which the Probate Court declined to instruct him. These questions are, in substance, whether the remainder interest is now vested in Nathalie A. Stevens. Ordinarily the court will instruct a trustee only as to questions with regard to which he has a present duty, and will not advise him as to problems of the past or the future. *Hill* v. *Moors*, 224 Mass. 163, 165. *Parkhurst* v. *Ginn*, 228 Mass. 159. *Swift* v. *Crocker*, 262 Mass. 321, 328. *Flye* v. *Jones*, 283 Mass. 136. Occasionally special circumstances have been thought to require a relaxation of this rule. *Bowditch* v. *Andrew*, 8 Allen, 339. *Old Colony Trust Co.* v. *Sargent*, 235 Mass. 298, 303. In the present case, the trustee thinks that it would assist him in the exercise of his discretion if the question whether the remainder interest is now vested in Nathalie A. Stevens should be adjudicated now. But on the whole we are of opinion that the ordinary course should be followed, and that the Probate Court was right in declining to answer the second and third questions.

Because of our modification of the answer to the fourth question, the final decree is reversed, and the trustee is to

be instructed upon the first and fourth questions in accordance with this opinion. The matter of costs and expenses is to be in the discretion of the Probate Court.

*Ordered accordingly.*