RALPH E. DAMON *vs.* MURRAY C. DAMON, trustee.

Worcester.     September 21, 1942. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Trust,* Termination. *Equity Pleading and Practice,* Appeal.

Upon an appeal from a decree of a Probate Court where the record did not include a report of evidence or a statement of material facts found by the judge, certain documentary evidence was improperly printed as a part of the record.

The beneficiary of a testamentary trust was not entitled as of right to termination thereof and to immediate possession of the principal where the testator's directions to the trustee were to "pay over to,

or for the benefit of" the beneficiary "the income thereof, and also to pay over to" him "such portions of the principal, and at such times, as my said trustee shall determine; with full power to pay over to the" beneficiary "all of said principal whenever in the opinion of said trustee it is desirable so to do."

PETITION, filed in the Probate Court for the county of Worcester on April 22, 1941.

The case was heard by *Atwood*, J.

*I. E. Erb*, for the petitioner.

*C. D. Bent*, (*J. W. Healey* with him,) for the respondent.

DOLAN, J. This is an appeal from a decree, entered in the Probate Court, dismissing a petition for the termination of a trust created under the will of Mary M. Damon, late of Leominster, deceased. The will is dated November 17, 1920, and was admitted to probate on July 10, 1929.

The petitioner and the respondent are sons of the deceased. Under the first article of the will the testatrix bequeathed and devised one fourth of her estate to her daughter May, and under the second article one fourth to her son Murray, the respondent. By article third of the will the testatrix gave one fourth of her estate to the respondent in trust as follows: "To my son Murray C. Damon one-fourth of all my estate, real and personal, of every kind and description, or to which, at my decease, I may be in any way entitled, in trust, nevertheless, as follows: To invest the same and pay over to, or for the benefit of, my son Ralph E. Damon the income thereof, and also to pay over to said Ralph E. Damon such portions of the principal, and at such times, as my said trustee shall determine; with full power to pay over to the said Ralph all of said principal whenever in the opinion of said trustee it is desirable so to do. I hereby authorize the said Murray, in case he may desire to resign the office of trustee, or in case he declines to accept the office, to nominate a person to act in his place, the said person to have all the powers herein given to the said Murray, upon the appointment by the Probate Court of said person, and said person's qualification as trustee. In creating this trust I wish my son Ralph to understand that I am in no way reflecting upon

him or his ability to handle the funds herein left for his benefit, but I am doing this because of certain conditions now existing, which I trust he will understand." Out of the remaining fourth the testatrix provided for certain general legacies outright or in trust, and directed that the residue of her estate be held in trust, the income therefrom to be paid to her daughter May during her life, and that upon her death the amount so held in trust should be paid over to her sons, the petitioner and the respondent here, or the survivor of them, and in the event neither of them was living at the death of May, that "said property" be paid over to her (the testatrix's) grandchildren then living, "to be divided equally among them; free of all trusts."

The evidence is not reported and the judge made no report of material facts found by him. There are printed in the record certain certified copies of records of the Superior Court relating to divorce proceedings in 1920 and 1921 between the petitioner and his then wife. There is nothing in the record to show that the documentary evidence just referred to was all the evidence presented to the judge at the hearing before him. It follows that the copies of the records of the Superior Court are not properly a part of the record on appeal and cannot be considered by us. *Romanausky* v. *Skutulas*, 258 Mass. 190, 193, 194. *Gallagher* v. *Phinney*, 284 Mass. 255, 257.

It is the contention of the petitioner that the testatrix intended to give him full and complete ownership of the trust fund created for his benefit, that he is the sole and absolute owner of the trust estate, that his interest is in no way limited to his life, and that he is entitled to the immediate possession of the trust fund.

We deem it unnecessary to decide whether the provisions of the trust created for the benefit of the petitioner gave him a vested and absolute estate. Even if that be assumed, without so deciding, it would not follow that the trust must now be terminated at his request. In this respect the case is governed by *Claflin* v. *Claflin*, 149 Mass. 19, where the testator gave one third of the residue of his personal estate to trustees to pay $10,000 to his son when the latter attained

the age of twenty-one years, a like sum when he became twenty-five years of age, and the balance when he reached the age of thirty years. Having attained the age of twenty-one years and having received $10,000, the son brought a bill in equity to compel the trustees to pay to him the remainder of the trust fund. Holding that the son had an absolute vested interest in the trust and that his interest was alienable by him, the court nevertheless held that nothing had happened that the testator did not anticipate and for which he had not made provisions, and that it was plainly the will of the testator that "neither the income nor any part of the principal should now be paid to the plaintiff." (Page 23.) The result reached in that case rested upon the doctrine that a testator has a right to dispose of his own property with such restrictions and limitations not repugnant to law as he sees fit, and that his intentions ought to be carried out unless they contravene some positive rule of law, or are against public policy. So here, under like principles the intention of the testatrix manifested in plain language must be given effect even if the trust be considered as one merely postponing enjoyment.

In the present case, moreover, the powers conferred upon the trustee with relation to the payment of principal to the petitioner are broader than those that were conferred upon the trustees in the *Claflin* case, where no discretion was conferred upon them and it was their duty to obey the directions of the testator to make payments to the beneficiary at fixed times.

In the present case the provisions for payment of principal to the petitioner are made to rest in the discretion of the trustee. By conferring upon him the power to pay over to the petitioner all of the principal of the trust estate whenever, in the opinion of the trustee, it was desirable to do so, the testatrix in effect conferred upon him discretion to terminate the trust during the life of the petitioner, and it is generally held that, where the trust is a discretionary one, the beneficiary cannot compel the termination of the trust even though he is the sole beneficiary and sui juris. 3 Scott, Trusts, § 337.4 and cases cited. *Boyden* v. *Stevens,*

285 Mass. 176, 180, and cases cited. In the case just cited it is said, in substance, that where, as in the present case, a trustee has discretionary power to pay over any part or the whole of the principal of the trust estate to the beneficiary whenever he deems it advisable, all that is necessary is that the trustee in the exercise of sound judgment, which follows from a due appreciation of trust responsibility, shall deem it advisable to pay over the principal of the trust estate, but that the trust must continue during the life of the beneficiary except as the trustee in the exercise of the power may prevent, and that even though the beneficiary may own the remainder, the beneficiary has no absolute right to have the trust terminated during her life. These principles supported by the authorities cited in the *Boyden* case apply equally in the case at bar, where the provisions of the trust are not repugnant to law or contrary to public policy and there is nothing to show that the trustee has not been exercising his discretion with "that soundness of judgment which follows from a due appreciation of trust responsibility." *Boyden* v. *Stevens*, 285 Mass. 176, 179, 180. See *Sears* v. *Choate*, 146 Mass. 395; *Spring's Estate*, 216 Penn. St. 529.

*Decree affirmed.*