Coös,
May 6, 1947. } No. 3652.

HOWARD T. WOODWARD *& a. v.* VICTOR C. JOLBERT *& a.*

*Arthur J. Bergeron,* for the trustees.

DUNCAN, J. The will plainly sets forth the occasion when principal may be invaded for the benefit of the life beneficiaries, and the purposes for which such invasion may be made. If in consequence of

adversity, distress, or poverty, one or both of the beneficiaries encounter want and suffering which the income is inadequate to prevent, principal may be used for the purpose of making payments "to relieve and eliminate such want and suffering." The "manner of drawing upon the principal," and the "manner and amount" of payment to the recipients for the purpose indicated, are left to the discretion of the trustees upon their determination that there is occasion therefor. The only restriction imposed is that both beneficiaries shall benefit if one does.

According to the allegations of the petition and the facts found, the trustees are satisfied that an occasion for the use of principal for the benefit of the testatrix' daughter is at hand. The purpose for which they seek to use it is plainly authorized by the will. They assert by their petition that they believe it "desirable, fitting, proper, and equitable" that they should convey to the beneficiaries the entire trust estate in kind, and inquire if this is lawful.

At the outset, attention should be drawn to a principle so firmly established as to require little citation of authority. While the exercise of discretion by a trustee is subject to supervision by the court, the discretion vested in the trustee can in no sense be exercised for him by the court. The reasonableness of his action presents a question of fact, and the court, at most, can only determine the bounds of reasonableness within which the trustee may act. *Hanford* v. *Clancy*, 87 N. H. 458.

Although the discretionary authority conferred upon the trustees in this case is broad, yet it is not to be considered unlimited. "A trustee vested with discretionary power to distribute a fund in whole or in part is bound to use reasonable prudence. . . . There is an implication, when even broad powers are conferred, that they shall be exercised in that soundness of judgment which follows from a due appreciation of trust responsibility. Prudence and reasonableness, not caprice or careless good nature, much less a desire . . . to be relieved from trouble, or from the possibility of making a foolish investment, furnish the standard of conduct." *Corkery* v. *Dorsey*, 223 Mass. 97, 101. See also, *Boyden* v. *Stevens*, 285 Mass. 176; *Robison* v. *Trust Company*, 113 Ind. App. 633, 649, 650.

The trustees must exercise their powers reasonably, with serious regard not only for the particular purpose for which the testatrix has authorized the use of principal, but also for her general purpose in establishing the trust. Manifestly, her purpose so far as the life beneficiaries are concerned, was to provide them with the income of

her estate throughout their lives, and at the same time to preserve the estate itself as a bulwark against disaster, that they might not be exposed to want and suffering which it could be used to alleviate. There is an implication in the language used, that principal should be utilized by means of a series of "payments," rather than a single payment of the whole; but this is not thought to be so far controlling as to override the primary purpose to eliminate suffering by any use of the fund reasonably consistent with the honest exercise of sound discretion. *Cf. Strong* v. *Dann*, 90 N. J. Eq. 329, 331, 332.

The trustees are entitled to transfer the entire trust estate by a single payment to the life beneficiaries only if as a matter of fact this is a reasonable disposition to make in the light of all the pertinent surrounding circumstances. Whether it is or not, is a question for the trustees in the first instance, and for the Superior Court in the second. The size of the fund, the situation of the daughter, her competency to administer a share of the assets if conveyed to her, the relative advantage of a series of partial payments, or of use and occupation of the property, as against an absolute and total transfer, future emergencies which she is likely to encounter depending upon what method is employed, are such matters as should be considered. See, *Hanford* v. *Clancy, supra,* 461; *Eaton* v. *Eaton,* 81 N. H. 275, 276, 277; *Fowler* v. *Hancock,* 89 N. H. 301, 304; Restatement, Trusts, *s.* 164, *comment c, s.* 187.

Due weight must also be given to the fact that the proposed transfer would operate to cut off the remainder interests bequeathed to the grandchildren. While by living with their parents on the premises, they would derive some benefit, yet the parents would take the property free from any restraint upon alienation of it.

The facts necessary to a determination of whether the proposed disposition is reasonable under all the circumstances do not appear to have been investigated by the court below. It is not clear that they have been fully considered by the trustees. The issue is something more than what is "proper" or "desirable" in the abstract. It is more accurately what is prudent, and reasonable, and best calculated to accomplish the purposes of the trust, under the particular circumstances which exist. See, 2 Scott on Trusts, *ss.* 187.2, 187.3, 334.1.

So far as the record discloses, the beneficiary would derive at least as much benefit from the use and occupation of one of the houses, under the continued ownership and management of the trustees, as she would from an outright conveyance. There is nothing to indicate

that a conveyance to her might not shortly be followed by a forced sale to satisfy her creditors, or to pay taxes, thus defeating the purpose to furnish her a home. It is not suggested that the transfer is proposed to enable her to raise funds, and presumably a sale or mortgage could be negotiated to better advantage by the trustees than by the beneficiaries.

In the absence of evidence that the proposed transfer represents a prudent and reasonable disposition of the fund presenting advantages not attainable by more conservative use, this court may not approve the course suggested by the trustees. The circumstances disclosed by the petition and the findings are insufficient of themselves to warrant a preliminary finding that the best interests of the daughter would be promoted, much less to justify termination of the trust and extinguishment of the remainder interests.

The trustees are accordingly advised that while the provisions of the will authorize payment of the entire principal to the life beneficiaries under proper circumstances, the circumstances which appear are not such as to warrant the exercise of discretion by a single payment of the whole. If the proposed disposition can be shown to be reasonable in the light of the requisite considerations, it may be approved by the court. But the burden is upon the trustees to satisfy the court below that the transfer is one which may reasonably be found to comply with standards hereinbefore pointed out. Failing this, some manner of executing the trust which will comply should be determined upon by them, and submitted to the court if prudence dictates.

The petition is returned to the Superior Court for further proceedings consistent with this opinion.

*Case discharged.*

All concurred.