WILLIAM T. LEES *et al.*, Trustees *vs.* ALBERT A. HOWARTH.

APRIL 16, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a bill in equity for the construction of the will and codicil of Albert Howarth, late of the town

of North Providence, deceased, and for instructions to the trustees thereunder as to whether they have the power to pay over the entire principal of the trust estate at the present time to the respondent. When the cause was ready for hearing for final decree the superior court certified it to this court for our determination pursuant to general laws 1938, chapter 545, §7.

The cause was heard in the superior court and testimony was presented by William T. Lees, one of the cotrustees, as to the pertinent family facts and also to the fact that he had been requested to pay over to respondent the entire principal. He stated that, although he had no doubt such payment would benefit respondent, he was neutral on the question of making it, but wanted to be assured that he would be free of liability to parties other than respondent. He also offered favorable testimony as to respondent's ability to manage money.

Proper service was made upon respondent, and a guardian *ad litem* was appointed by the superior court to represent contingent interests of persons not in being or not ascertainable whose interests might be affected by this cause.

The testator died on July 31, 1937. He was unmarried at the time of his death, his wife having predeceased him. He left an only son, Albert A. Howarth, the respondent herein, and two sisters, Gertrude Mary Cooper and Alice Davis, the last-named having died on September 10, 1947, leaving no issue. Gertrude Mary Cooper had no children and was about seventy years of age at the time of the hearing. The respondent was fifty-nine years of age, married and childless. In his capacity as a cotrustee he is also one of the complainants in this cause.

The testator's will and codicil were duly admitted to probate by decree of the probate court of North Providence entered on June 10, 1938. After making a number of specific bequests, the testator directed a division of his resi-

duary estate into two equal parts. He devised and bequeathed one part to the respondent absolutely and in fee simple, and the other to the complainant William T. Lees and the respondent in trust to pay the entire net income thereof to respondent during his life and upon his death to his issue then living, or if no issue survived him, to his sisters Gertrude Mary Cooper and Alice Davis in equal shares, if living, or to the survivor of them, or if no issue of respondent survived him and neither sister of testator were living at the time of the decease of his son, to pay over the trust estate absolutely and in fee simple and free from any trust to such person or persons as the respondent should by will appoint, and, in default of appointment, to the person or persons who would be entitled to testator's personal estate had he then died intestate, according to the statutes governing distribution of personal property in this state then in effect.

The estate has been administered pursuant to the provisions of the will and codicil, and the trust estate is now held by complainants as trustees for the uses and purposes set forth in clause Fifth of the will. Gertrude Mary Cooper has, for a valuable consideration, assigned all her interest in the trust estate to respondent, and he has requested the cotrustee William T. Lees to pay over to him the entire principal of the trust estate at this time. The cotrustee has no objection to making such payment if he, as trustee, has the power to do so under the terms and provisions of the will and codicil.

It is apparent from the record that the parties, including the guardian *ad litem,* are in substantial agreement that the cotrustee William T. Lees has the power to pay over to respondent the entire trust estate at the present time. No one in interest has argued otherwise. Consequently we do not have the benefit of opposing briefs and arguments, which is the case where adversary interests are involved. However, the intent of the testator must be ascertained if

possible from the language of the will and codicil viewed as a whole. In discovering that intent, the words used are to be given their primary, ordinary and common meaning, unless it plainly appears that they are used in another sense. *Industrial Trust Co.* v. *Budlong*, 70 R. I. 432, 441; *Industrial Trust Co.* v. *Saunders*, 71 R. I. 94. That intent, when ascertained, is to be given effect unless contrary to law.

The question in the instant cause is whether the powers vested in William T. Lees as trustee under clause Fifth B (b) and clause Ninth (d) authorize him as said trustee, without liability to anyone, to pay over to respondent the entire trust estate at this time. The discretionary power given to William T. Lees by the testator is set forth as follows in clause Fifth B (b):

> "In case in the sole and uncontrolled judgment of William T. Lees or his successor trustee it shall at any time or from time to time be deemed by him necessary, advisable or desirable to make any additional payments from the principal of said trust estate to my said son, Albert A. Howarth, in order to permit my said son to start in business for himself or with any other person, partnership or corporation, or in order to provide more effectually for his comfort, well-being, maintenance *or otherwise for his benefit,* I hereby authorize and empower said trustees to make to my said son, or on his account, such payments from the principal of said trust estate as said William T. Lees or his successor trustee in his sole and uncontrolled judgment may deem necessary or advisable for the purposes aforesaid." (italics ours)

In referring to the exercise of such discretionary power by the trustee William T. Lees, the testator provided as follows in clause Ninth (d):

> "The exercise of the discretionary power imposed upon William T. Lees or his successor trustee to make payments from the principal of said trust estate to my son, Albert A. Howarth, shall be the sole and uncontrolled discretion of the said William T. Lees or his

successor trustee, and I direct that when the said William T. Lees or his successor trustee so exercises his discretion, it shall be absolute, conclusive and binding on all parties concerned."

Courts do not favor the exercise of an arbitrary power unless it is clear that it was the intention of the testator to confer it. However, a testator has the right to confer such power if he sees fit so to do. *Metcalf* v. *Gladding*, 35 R. I. 395, 401.

The language of the testator in clause Fifth B (b) is clear and unambiguous and vests broad powers in William T. Lees as trustee. He is given absolute authority to exercise his *"sole* and *uncontrolled* judgment" as he "may deem necessary or advisable for the purposes aforesaid," namely, "in order to provide more effectually for his [son's] * * * well-being * * * *or otherwise for his benefit* * * *."* (italics ours) It is equally clear that it was the intention of the testator to empower William T. Lees as trustee to pay over the entire trust estate at one time even though the testator used the word "payments" in the clause in question.

It is unreasonable to assume that the testator intended to prohibit said trustee from doing what he expressly empowered him to do. It is clear from the language of the will that he intended to vest broad powers in the trustees to make additional payments from the principal of the trust estate to the respondent for the purposes stated in the will. It is equally clear that the only restriction imposed on such power by the testator was the limitation that the payments were to be made "In case in the sole and uncontrolled judgment of William T. Lees or his successor trustee it shall at any time or from time to time be deemed by him necessary, advisable or desirable * * * in order to provide more effectually for his comfort, well-being, maintenance or otherwise for his benefit * * *."

Clause Ninth (d) provides that the discretionary power imposed upon William T. Lees to make payments from the principal of said trust estate to the testator's son Al-

bert H. Howarth "shall be the sole and uncontrolled discretion of the said William T. Lees" and that the discretion so exercised "shall be absolute, conclusive and binding on all parties concerned." It is clear from this language that the testator intended to place no further restriction on William T. Lees other than that imposed by law, namely, that he act in good faith in the exercise of his discretion. *Strong* v. *Dann*, 90 N. J. Eq. 329.

After considering the will as a whole, we are of the opinion that the testator intended by the inclusion of the so-called "spendthrift" provision in clause Tenth to limit the discretionary power already vested expressly and broadly in the trustee by clause Fifth B (b) only if the contingency as specifically provided in said provision had been shown to exist before the exercise of the original power. *Boyden* v. *Stevens*, 285 Mass. 176. It is clear from the record that there is no present basis for the operation of clause Tenth.

We are therefore of the opinion that under the terms of the trust, particularly clause Fifth B (b), it was the intention of the testator to vest authority in William T. Lees as trustee to turn over the entire trust estate at one time to the respondent if, in his sole and uncontrolled judgment, he deems it necessary or desirable to do so for the benefit of the respondent. It is also our opinion that, under the provisions of clause Ninth (d), the exercise of such discretion by William T. Lees is subject to no further restriction than that he act in good faith. *Boyden* v. *Stevens, supra; Strong* v. *Dann, supra; In re Bisconti's Will*, 306 N. Y. 442. This being so, the said trustees have the power to turn over the entire trust estate at this time to the respondent, subject to the provisions of the will.

On April 24, 1957, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Armstrong & Gibbons, James T. Lodge,* for complainant William T. Lees.

*Cross, Graham, Reid & Ewing, James H. Barnett,* for respondent.

*Francis J. O'Brien,* guardian *ad litem.*