OLD COLONY TRUST COMPANY, trustee, *vs.*
MARGARET L. RODD.

Suffolk.   November 5, 1969. — January 9, 1970.

Present: SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Trust,* Accounting, Trustee's compensation, Trustee's discretion, "Com-fortable support and maintenance" of beneficiaries.   *Probate Court,* Accounts.

Without merit were objections by a life beneficiary of a testamentary trust to the allowance of two consecutive trustee's accounts on the grounds that the accounting procedure was irregular, that both ac-counts were filed at the same time some five months after the close of the later accounting period, and that the trustee's fees, five per cent of the trust income and three-tenths of one per cent of its principal, were excessive and were apportioned between income and principal. [587–588]

In a proceeding for allowance of accounts under a testamentary trust providing that the corporate trustee should pay over to the life bene-ficiaries "such part of the income or principal as may be necessary in its judgment for the comfortable support of any one or more of . . .

[them] provided that in the judgment of said trustee any one or more of . . . [them] shall need assistance . . . , it being . . . [the testator's] intention hereby to carry out as far as possible the wishes of . . . [his] wife's father . . . to see to the comfortable support and maintenance of his descendants," and that the trustee should transfer the remainder after the death of the last life beneficiary to such charities in certain places as the "trustee shall select," this court on the facts agreed with the trial judge that the "method employed by the trustee in determining the amount of assistance required in each case to attain 'comfortable support and maintenance' was superficial," and that "amounts allocated . . . to . . . beneficiaries were parsimonious." [588]

Where it appeared in a proceeding for allowance of accounts under a testamentary trust that the trustee had not paid out to the life beneficiaries from available income or principal amounts necessary to give them the "comfortable support and maintenance" intended by the testator, and that a beneficiary's request for an increase in the payments to her by at least fifteen per cent was a modest one, this court, since comfort could not be retroactively given, affirmed decrees allowing the accounts but ordered that all subsequent accounts should reflect a trusteeship which would be neither superficial in its administration nor parsimonious in its spirit. [590]

PETITION filed in the Probate Court for the county of Suffolk on April 14, 1966, for the allowance of accounts.

The case was heard by *Keville*, J.

*John J. Graham* for the respondent.

*Haskel Cohn* (*Patricia Ann Metzer* with him) for the petitioner.

KIRK, J. The respondent, a life beneficiary of a trust created by the will of George A. Sanderson, filed specifications of objection to the allowance of the fortieth and forty-first accounts of the petitioner as trustee under the will. After a hearing, the probate judge entered two decrees allowing the accounts. The respondent appeals, challenging the adequacy of the amounts paid to her by the trustee, the reasonableness of the trustee's accounting procedure, and the amount of its fees. Her attorney appeals from the denial of his petition to be allowed counsel fees from the trust assets.

Item 8 of Sanderson's will directed the trustee to pay over during the lives of designated beneficiaries "such part of the income or principal as may be necessary in its judgment for the comfortable support of any one or more of said persons,

provided that in the judgment of said trustee any one or more of said persons shall need assistance and shall be worthy of the same, it being my intention hereby to carry out as far as possible the wishes of my wife's father . . . as expressed to me on many occasions, namely, that he wished to see to the comfortable support and maintenance of his descendants." The life beneficiaries of the fund were named persons (descendants of the testator's wife's father) "and the children or grandchildren of any of the above named persons who may be living at the time of my decease and born prior to my decease" with one named exception, not here material. Item 8 further directed the trustee, at the death of the last survivor of the life beneficiaries, to transfer free of all trusts whatever remained of the fund "in such proportions as said trustee will decide will accomplish the most good, unto such charities in said Boston, said Berlin . . . [in Massachusetts] and Kingston . . . [in Rhode Island] as said trustee shall select."

We summarize the report of material facts made by the judge. The periods covered by the contested accounts are from November, 1963, through November, 1965. The book value of the trust, comprised of securities, is approximately $220,000, plus $30,000 in accumulated income to which a further accumulation of $3,500 in unexpended income was added during the accounting periods under consideration. The market value of the securities is approximately $423,000. During the accounting periods there were fifteen potential beneficiaries of the trust, three of whom were over eighty years of age, two between seventy-five and eighty, five between sixty and seventy-five, and the remaining five between forty and sixty. The trustee each year sent a questionnaire to each potential beneficiary in order to determine which if any of them required assistance. In instances where answers to the questionnaire were incomplete, the trustee made no further inquiry of the applicant in order to make an accurate determination of his net worth. The total paid to ten beneficiaries who requested assistance was $7,836 for the fortieth accounting period and $10,850 for the next period.

One of the beneficiaries, who died during the accounting periods, who owned a home without a mortgage and had no other assets, was paid $100 a month, and $1,100 for hospital and medical expenses. Two other elderly beneficiaries, with incomes of $2,540 and $3,000, received monthly payments of from $35 to $50. Another elderly beneficiary, with an annual income of $1,985, received $50 a month plus $752.70 for the payment of medical bills. Two other beneficiaries had medical and dental bills paid. An army colonel, fifty years of age, married, and stationed in Europe, with an annual salary of $13,800, exclusive of allowances, received two payments of $500 toward the educational expenses of one of his two daughters. A married woman, age forty-six, whose husband's salary was $10,000 a year, received $500 and $1,500, in the fortieth and forty-first accounting periods, respectively, toward the educational expenses of her two children, seventeen and eighteen years of age. Another married woman, age forty-five, whose husband, a college professor, earned an annual salary of $16,500, received $500 and $1,250 in the fortieth and forty-first accounting periods, respectively, for educational expenses of her two children sixteen and eighteen years of age.

The respondent, age forty-seven, is single, with no dependents. She has no resources other than her salary. During the fortieth accounting period she was employed full time, and earned a gross salary of $4,625. The trustee paid her Federal income taxes, various personal bills, and an allowance of $65 a month, for a total of $2,074. In the forty-first accounting period she earned $5,292. The trustee again paid her Federal income taxes and various personal bills. For the last seven months of the period, her allowance was raised to $115 a month; the total disbursement to her for the year was $2,131.

The trustee charged a fee of five per cent of the income of the trust, and three-tenths of one per cent of the principal.

1. The judge found no facts to support the respondent's objections to the trustee's accounting procedure, investment practice, or the amount of its fees. We agree. The trustee

was not obliged to adhere strictly to the accounting form supplied by the Probate Court. General Laws c. 206, § 2, requires only a reasonable and orderly statement of the account, and does not require rigid adherence to any method of accounting. *Hutchinson* v. *King*, 339 Mass. 41. The respondent also argues that the trustee's filing of the two accounts at the same time, some five months after the close of the forty-first accounting period, violated G. L. c. 206, § 1. That section provides that a trustee "shall render an account . . . at least once a year . . . until his trust is fulfilled; but the court may at his request excuse him from rendering an account in any year, if satisfied that it is not necessary or expedient that it should be rendered." In allowing the accounts, the probate judge impliedly found that it was not "necessary or expedient" for the accounts to be filed separately each year. At the most, the failure to file timely was a "mere technical breach" (*Attorney Gen.* v. *Olson*, 346 Mass. 190, 195) and done without objection at the time by any beneficiary. See Newhall, Settlement of Estates (4th ed.) § 435. Finally, the fees allowed the trustee cannot be said to be unreasonable merely because they are apportioned between income and principal. Such apportionment is expressly permitted by G. L. c. 206, § 16. See *Old Colony Trust Co.* v. *Townsend*, 324 Mass. 298.

2. The judge found that the "method employed by the trustee in determining the amount of assistance required in each case to attain 'comfortable support and maintenance' was superficial. And having in mind the intent of the settlor, the amounts allocated not only to the respondent but to others of the beneficiaries were parsimonious." With these observations we emphatically agree. The ultimate conclusion of the judge was, "However, the trustee was here given broad discretion and I do not quite find that it has been abused."

This court recently said that in exercising a power of this sort a trustee is "unquestionably under an obligation to give serious and responsible consideration both as to the propriety of the amounts and as to their consistency with the

terms and purposes of the trust." *Holyoke Natl. Bank* v. *Wilson,* 350 Mass. 223, 227. A court of equity may control a trustee in the exercise of a fiduciary discretion if it fails to observe standards of judgment apparent from the applicable instrument. *Copp* v. *Worcester County Natl. Bank,* 347 Mass. 548, 551. *Old Colony Trust Co.* v. *Silliman,* 352 Mass. 6. It is our view that, whether due to misuse of discretion or to misconception of the purpose of the trust on the part of the trustee, several of the intended primary beneficiaries of the trust are not receiving that which the settlor intended they should receive and which the trustee has the means to provide: "comfortable support and maintenance." The settlor by will expressed his intention in terms that imported a deep sense of personal obligation to fulfill the wishes of another. By providing for access to principal he provided means "to carry out as far as possible" those wishes. It is inferable that the persons who could be benefited have long since been identified and that with the passing years their number has diminished and henceforth will diminish rapidly. At the same time it is obvious that the corpus of the trust has grown. Inevitably the remainder will go to charities unspecified and unknown to anyone, except, possibly, the trustee. It is clear from the will that the gift of the remainder was of minor significance. And yet it would appear that the trustee regards the disposition of the remainder as the dominant purpose of the trust. The trustee has not only kept the principal inviolate but has accumulated and retained over $30,000 in income. The trustee justifies this course as reasonable and prudent in light of rising medical costs and the advancing age of the beneficiaries. However that may be, the fact remains that the book value of the trust is $220,000 and the market value, at the time of the judge's findings, double that amount. The prospect of illness in old age does not warrant a persistent policy of niggardliness toward individuals for whose comfortable support in life the trust has been established. The payments made to the respondent and several other beneficiaries, viewed in light of their assets and needs, when

measured against the assets of the trust show that little consideration has been given to the "comfortable support" of the beneficiaries. Compare *Holyoke Natl. Bank* v. *Wilson*, 350 Mass. 223.

Another manifestation of the trustee's indifference to its "obligation to give serious and responsible consideration both as to the propriety of the amounts and as to their consistency with the terms and purposes of the trust" is the payment, noted above, of sums to beneficiaries to assist in the education of their children. In each of the three cases the family income was in excess of $10,000. In each case, laudable though the purpose may have been, the contribution, strictly speaking, was not for "comfortable support" nor was the actual beneficiary a designated beneficiary. *Homans* v. *Foster*, 232 Mass. 4, 6. *Parker* v. *Lloyd*, 321 Mass. 126, 134. See *Boston Safe Deposit & Trust Co.* v. *Stebbins*, 309 Mass. 282, 287. In two of the three cases referred to, the amounts given for the education of non-beneficiaries was greater than one half of the amount granted to the respondent for "comfortable support." The respondent asked that the payments made to her as noted in the fortieth and forty-first accounts be increased by at least fifteen per cent. We think that the request is a modest one.

3. We do not reverse the decrees. Comfort cannot be retroactively given. Our order is that all accounts of the trustee, subsequent to the forty-first account under Item 8 of the will of George A. Sanderson, be so prepared or, if already prepared, be so modified to reflect a trusteeship that is neither superficial in its administration nor parsimonious in its spirit.

4. We think that the probate judge, upon further proceedings, might with complete propriety allow reasonable counsel fees for the respondent's attorney payable from the trust principal. We leave the matter entirely to his discretion.

5. The decrees are affirmed. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*