BARBARA WEST vs. THIRD NATIONAL BANK OF HAMPDEN COUNTY, trustee; TRUSTEES OF MOUNT HOLYOKE COLLEGE & another,[1] interveners.

Hampden. February 10, 1981. — March 16, 1981.

Present: GRANT, BROWN, & GREANEY, JJ.

*Trust*, Termination, Interest of beneficiary. *Devise and Legacy*, Correction of defective expression, Intestacy.

The beneficiary of a life estate in a testamentary trust could not compel its termination where the testator's clear intention to provide support for the beneficiary throughout her life had not been achieved. [579-581]

Under the terms of a will creating a trust with the income to be paid to the testator's wife during her life, then to his two daughters and, upon the death of the last surviving daughter, the remainder to be distributed in equal shares to the issue of both daughters, the seventy-one year old sole surviving daughter could not compel termination of the trust on the ground that, since neither she nor her sister had any children, she had acquired a vested interest in the remainder by application of the rules of merger where the testator's intention to provide support for his daughters throughout each of their lives had not been achieved and where the testator had made no provision for distribution of the remainder in the event that both daughters should die without issue. [581-582]

CIVIL ACTION commenced in the Hampden Division of the Probate and Family Court Department on December 4, 1978.

The case was heard by *Smith*, J.

*Jonathan P. Rice* for Third National Bank of Hampden County.

*Raymond R. Randall* for Trustees of Mount Holyoke College, intervener.

---

[1] The Third National Bank of Hampden County as trustee under the wills of Helen A. West and Marion West.

*Gaynor K. Rutherford* for the plaintiff.

GREANEY, J. Frank M. West executed his last will on October 24, 1924, at which time his family consisted of his wife Helen and his daughters Marion (age twenty-one) and Barbara (age seventeen). By the will, the testator established a testamentary trust (with the predecessor of the Third National Bank of Hampden County as the trustee) which provided a life estate for his wife and, upon her death, life estates for his two daughters. The trustee was empowered to pay income to the beneficiaries "from time to time and at such time or times as in [its] opinion . . . shall be proper." Upon the death of either daughter leaving issue, the income from her share was to be paid to her issue until the death of the surviving daughter, at which time the balance of the trust fund would be paid in equal shares to the issue of both daughters and the trust would terminate.[2] In the event either daughter died without leaving issue, the income from the trust was to be paid to the surviving daughter for her life and, upon her death, the balance of the trust fund would be paid to her issue and the trust would terminate.[3] The trustee was authorized to disburse principal to "furnish [the beneficiaries] with suitable and liberal support and comfort

---

[2] "Upon the death of either of my said daughters, MARION WEST, or BARBARA WEST, leaving issue, I order and direct my said Trustee, to pay to such issue that portion of the income of said trust fund as would have been paid to said deceased daughter until such time as my surviving daughter shall decease, and upon the death of my last surviving daughter, I give, devise and bequeath the balance of the trust fund remaining in the hands of my said Trustee in equal shares to the issue of both my said daughters, MARION WEST, and BARBARA WEST, to have the same forever and this trust to terminate."

[3] "In the event that one of my daughters shall decease leaving no issue, I order and direct my said trustee in that event to pay the income of said trust fund in the manner hereinbefore provided, with the same discretion as to the payment of any part of the principal thereof to and for the benefit of my surviving daughter, so long as she shall live, and at the decease of my last surviving daughter, leaving issue, I give, devise and bequeath the balance of the trust fund remaining in the hands of said Trustee to the issue of said last deceased daughter in equal shares, to have the same forever, and this trust to terminate."

during their respective lives" and to assist them in times of "sickness or necessity." The testator died in 1927, his wife Helen died in 1960, and his daughter Marion died in 1976, never having married and leaving no children. Helen and Marion's wills left their respective estates to various charities. Barbara, who was seventy-one years of age at the commencement of this action, is the sole surviving member of the family. She also never married and has no issue.

Barbara filed a petition in the Probate Court to terminate the trust, alleging that its purposes had been accomplished and that she, as the only person interested, desired its dissolution. The judge decided the case after examining Frank's will, the petition and the bank's answer. The facts were as recited, and no testimony was offered. The judge ruled as matter of law that the trust should be terminated. A judgment was entered which directed the bank to transfer all of the trust assets to Barbara free of trust.

Subsequent to the entry of the judgment, the trustees of Mount Holyoke College, a named beneficiary in Marion's will, and the bank, in its capacity as the trustee under the wills of Helen and Marion, moved in a timely fashion to vacate the judgment on the grounds that they and other parties who had an interest in the proceedings (if the remainder of Frank's trust were ultimately determined to pass by intestacy) had not received notice and had not been given an opportunity to be heard. These motions were denied. However, motions by these parties to intervene were allowed, and they were permitted to file answers contesting the petition. Despite these interventions, all parties eschewed rehearing in the Probate Court, probably because the case had by then evolved to one on an agreed record which raised only questions of law. Instead, the parties aggrieved by the judgment took appeals to test the propriety of the judge's rulings. We reverse the judgment.

1. Barbara's right to compel termination of the trust would require both a vested interest in the remainder and a determination that the trust's continuance is no longer necessary to carry out a material purpose for which it was cre-

ated. See Restatement (Second) of Trusts § 337(2) (1959); 4 Scott, Trusts § 337, at 2655 (3d ed. 1967); *Sears* v. *Choate,* 146 Mass. 395, 398 (1888). Cf. *Claflin* v. *Claflin,* 149 Mass. 19, 23 (1889). If the purposes of the trust remain to be fulfilled, the trust cannot be dissolved, because a "testator has a right to dispose of his own property with such restrictions and limitations not repugnant to law as he sees fit, and . . . his intentions ought to be carried out unless they contravene some positive rule of law, or are against public policy." *Damon* v. *Damon,* 312 Mass. 268, 271 (1942). The question is one of law which turns on the testator's intentions determined from an interpretation of the provisions of the will. See *Claflin* v. *Claflin, supra*; *Old Colony Trust Co.* v. *Rodd,* 356 Mass. 584, 588-589 (1970), and cases cited; *Collier* v. *Napierski,* 357 Mass. 516, 519-520 (1970); *Atwood* v. *First Natl. Bank,* 366 Mass. 519, 523 (1974).

Frank's will is written in reasonably straightforward language and the purposes expressed therein are not complicated. By the trust Frank sought to provide comfortably for the support and care of his wife and two daughters during their respective lifetimes. The power to disburse principal is broadly stated. The power's exercise calls for discretion on the trustee's part after proper consideration of the beneficiaries' needs for support, comfort, necessities, illness, and the like. It is significant that there is no provision in the trust for distribution of the remainder until the last daughter has passed away, and that none of the beneficiaries could claim any absolute right to compel the trustee to distribute all of the principal. The limitations stated at several points throughout the instrument indicate that the testator intended that the trust continue throughout the life of the last surviving daughter. In such a situation, the authorities and cases state that "it would be contrary to the intention of the [testator] if the beneficiary, even though [s]he is the sole beneficiary and is under no incapacity, could compel the termination of the trust. Where the trust is for the support of the beneficiary, [s]he would no longer be assured of the support which the [testator] intended to secure for [her]

if the trust were terminated." Scott, Trusts, *supra* § 337.4, at 2673. Restatement (Second) of Trusts § 337, Comment m. *Danahy* v. *Noonan*, 176 Mass. 467, 468 (1900). *Damon* v. *Damon, supra* at 271. We hold that the purposes of the trust have not been achieved so as to compel its termination. See *Atwood* v. *First Natl. Bank, supra* at 524, and cases cited.

2. In support of the judgment Barbara also contends that whatever rights the remaindermen (i.e., her issue) might have acquired have merged with her interests so that she now possesses a vested interest in the remainder sufficient to compel termination. She seems to be arguing that since she will not have children, she now holds the entire beneficial interest, that the occasion for the continuance of the trust has passed, and that its termination would frustrate no intention of the testator. These contentions essentially recast the assertions discussed earlier in this opinion and assume, without justification, that the entire remainder will pass to Barbara's estate. They cannot be upheld because the rules pertaining to merger are not applied to terminate an active trust for the support of an individual in regard to which the trustee still has specific duties to perform. See *Young* v. *Snow*, 167 Mass. 287, 288 (1897); *Tifft* v. *Ireland*, 273 Mass. 56, 60 (1930); *Rowland* v. *June*, 327 Mass. 455, 459 (1951).

Barbara's "merger" argument is unsound in another respect. There is an express limitation over the remainder, with the provision that it pass to the issue of both daughters or to the issue of the last surviving daughter if one has died without issue. There is no provision for what should occur in the event both daughters should die without issue. In these circumstances, Barbara cannot rely on rules of merger to deal with an occurrence not covered by the will. Nor can the fact that an intestacy might result justify our rewriting the will to cure the omission. As Mr. Justice Holmes advised some time ago, courts must be careful "not to substitute a lively imagination of what a [testator] would have said if [his] attention had been directed to a particular point for what [he] has said in fact." *Eaton* v. *Brown*, 193 U.S.

411, 413-414 (1904). See *Anderson* v. *Bean*, 220 Mass. 360, 363-364 (1915); *Loring* v. *Dexter*, 256 Mass. 273, 278 (1926); *Boston Safe Deposit & Trust Co.* v. *Schmitt*, 349 Mass. 669, 671-673 (1965); *Wright* v. *Benttinen*, 352 Mass. 495, 497-498 (1967); 4 Page, Wills § 30.7, and Massachusetts cases cited in n.8, at 41-42 (Bowe-Parker ed. 1961).

3.  Since the trust is ongoing, there is no present need to determine questions pertaining to the ultimate distribution of the remainder. See *Hill* v. *Moors*, 224 Mass. 163, 165 (1916); *Boyden* v. *Stevens*, 285 Mass. 176, 180 (1934); *Boston Safe Deposit & Trust Co.* v. *Schmitt, supra* at 674, and cases cited.

*Judgment reversed.*